1997 ME 199

**Josie DAVIS**

v.

**Bruce CURRIER et al.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1997.
Decided Oct. 7, 1997.

Ronald J. Cullenberg (orally), Farmington, for plaintiff.

David M. Sanders (orally), Livermore Falls, for Bruce Currier.

William Maselli (orally), Auburn, for Edward Tyler.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Josie Davis appeals from the judgments entered in the Superior Court (Franklin County, *Delahanty, J.*) following a jury verdict in favor of Edward Tyler and Bruce Currier in her personal injury action and from the post-judgment order denying her motions for a new trial and for judgment as a matter of law on Currier's malicious prosecu-

tion counterclaim. Tyler cross-appeals from the post-judgment order granting Davis's motion for judgment as a matter of law on his intentional infliction of emotional distress counterclaim. We affirm the judgments.

[¶ 2] At approximately 1:00 a.m. on October 17, 1993, Davis sustained a broken leg when she attempted to assist her then-husband, Scott Davis, who was fistfighting Tyler in a parking lot adjacent to Anthony's Lounge in Farmington. Currier physically prevented spectators from approaching and interfering in the brawl. Davis identified Currier to the police as her assailant, and he was indicted for aggravated assault.[1] Tyler was indicted for the aggravated assault of Davis's husband.[2] After both men were found not guilty, Davis initiated this civil suit.

I.

[¶ 3] We review the denial of a motion for judgment as a matter of law to "determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury verdict." *Townsend v. Chute Chem. Co.*, 1997 ME 46, ¶ 8, 691 A.2d 199, 202 (quoting *Bates v. Anderson*, 614 A.2d 551, 552 (Me.1992)). If the record provides a rational basis for the jury's determination, we will not substitute our judgment for that of the jury. *Cf. Gilmore v. Central Maine Power Co.*, 665 A.2d 666, 670 (Me.1995) (stating that a jury's assessment of damages that has "some rational basis" in the record will not be disturbed).

II.

[¶ 4] To prevail on a malicious prosecution claim, a party must prove that his or her adversary instituted or continued an action against him or her with malice and without probable cause and that the party received a favorable termination of the pro-

---

1. Currier was indicted under 17–A M.R.S.A. § 208(1)(A) (1983), which states, in part:
 1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
 A. Serious bodily injury to another; or ...

2. Tyler was indicted under 17–A M.R.S.A. § 208(1)(C) (1983), which states, in part:

1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
 ...
 C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. ...

ceedings. *Gray v. State,* 624 A.2d 479, 483 (Me.1993). A reasonable view of the evidence presented at trial supports the jury's determination that Davis lacked probable cause to believe that Currier broke her leg. First, at the time of Davis's injury, the parking lot was poorly lit, crowded, and chaotic. Second, Davis's identification of Currier as her assailant was based not upon any personal knowledge of him but rather upon her impression that her assailant resembled professional wrestler Lex Luger and her husband's subsequent determination that Currier resembled Lex Luger. Third, another individual apologized to Davis's husband for causing Davis's injury. Thus the trial court did not err by denying Davis's motion for judgment as a matter of law.[3]

### III.

 [¶ 5] To avoid a judgment as a matter of law for Davis on his intentional infliction of emotional distress claim, Tyler "must establish a prima facie case for each element of that claim." *Rippett v. Bemis,* 672 A.2d 82, 85 (Me.1996). To recover for intentional infliction of emotional distress, a party must show: (i) either that the defendant intentionally or recklessly inflicted severe emotional distress or that his or her conduct was substantially certain to inflict severe emotional distress; (ii) that the defendant's conduct "was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious[ ] and utterly intolerable in a civilized community"; (iii) that the defendant's conduct caused the plaintiff's emotional distress; and (iv) that the emotional distress was so severe that an ordinary person reasonably could not be expected to endure it. *Colford v. Chubb Life Ins. Co. of Am.,* 687 A.2d 609, 616 (Me.1996) (citations omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 2433, 138 L.Ed.2d 194 (1997).

[¶ 6] Tyler's allegation that Davis's initiation of a negligence suit against him constitutes extreme and outrageous conduct on her part is wholly without merit. We have previously noted that a party cannot be liable for intentional infliction of emotional distress for insisting on his or her rights in a permissible

manner. *Chiapetta v. Lumbermens Mut. Ins. Co.,* 583 A.2d 198, 201 (Me.1990) (citing Restatement (Second) of Torts § 46 cmt. g (1965)). We are not prepared to recognize that the tort of intentional infliction of emotional distress is available to a party outraged by the filing of a lawsuit against it. If a lawsuit has been initiated without a legitimate basis and has terminated unsuccessfully, then the tort of malicious prosecution may be invoked for redress. *See FDIC v. S. Prawer & Co.,* 829 F.Supp. 439, 449 (D.Me. 1993) (noting that the tort of intentional infliction of emotional distress is not designed to protect parties "from the vicissitudes of the litigation process"); *cf. Vogt v. Churchill,* 1997 ME 5, ¶ 1, 687 A.2d 961, 961 (stating that parties possess an absolute privilege with respect to statements made in the course of a judicial proceeding). The trial court did not err when it granted Davis a judgment as a matter of law on Tyler's claim for intentional infliction of emotional distress.

### IV.

 [¶ 7] We review the denial of a motion for a new trial for a "clear and manifest abuse of discretion." *LeClair v. Commercial Union Ins. Co.,* 679 A.2d 90, 92 (Me.1996) (quoting *McCain Foods, Inc. v. Gervais,* 657 A.2d 782, 783 (Me.1995)). The trial court should deny a motion for a new trial " 'unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done.' " *Boehmer v. LeBoeuf,* 650 A.2d 1336, 1340 (Me.1994) (quoting *Cates v. Farrington,* 423 A.2d 539, 541 (Me.1980)).

[¶ 8] Davis argues that Tyler committed a discovery violation when he failed to produce a witness's written notes, the existence of which Tyler was aware of at least twenty-four hours before the witness testified. The factual substance of the notes previously had been disclosed to Davis in an interrogatory response. Even if Tyler's failure to disclose the existence of written notes did violate M.R. Civ. P. 26(e), his interrogatory response informed Davis of their substance well in

---

3. Only because the issue was never raised, we do not address the propriety of counterclaiming for malicious prosecution in the very action which

provides the basis for the malicious prosecution claim. *See Gray,* 624 A.2d at 483.

advance of trial. Thus the trial court did not exceed the bounds of its discretion by declining to order a new trial as a sanction for the alleged discovery violation.

The entry is:

Judgments affirmed.

