1998 ME 52

**Leo LAROCHELLE**

v.

**Robert CYR and Stephen Hodsdon.**

Supreme Judicial Court of Maine.

Argued Dec. 2, 1997.
Decided March 10, 1998.

John S. Campbell (orally), Paulos & Campbell, P.A., Portland, for plaintiff.

Theodore H. Kirchner (orally), Norman, Hanson & DeTroy, Portland, for Hodsdon.

Kevin J. Beal (orally), Keith A. Powers, Preti, Flaherty, Beliveau & Pachios, L.L.C., Portland, for Cyr.

Before WATHEN, C.J., and ROBERTS, CLIFFORD,* RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff Leo Larochelle appeals from judgments entered in the Superior Court (York County, *Brennan, J.*) in favor of his former attorneys, defendants Stephen Hodsdon and Robert Cyr, in a legal malpractice action. Larochelle argues on appeal that the court improperly denied both his motion for judgment as a matter of law and his motion for a new trial. Finding no error, we affirm the judgments.

[¶ 2] The evidence presented at trial may be briefly summarized as follows: In 1988, Larochelle was sued by his neighbors for trespassing on their property and removing timber, decorative trees, stones and loam. The civil action included one count of negligent trespass, one count of intentional or willful trespass, and sought damages of $75,-000. Larochelle retained his son-in-law, Hodsdon, to represent him in the lawsuit. Although Larochelle had liability insurance, Hodsdon did not investigate whether the policy afforded coverage for the lawsuit. Hodsdon testified that he "implicitly" decided that a claim against the insurer would not be honored because the lawsuit was for trespass and involved an intentional act. Hodsdon

* Sat at oral argument but did not participate in the opinion.

continued to represent Larochelle until their relationship soured, and then withdrew from representation in October of 1989.

[¶ 3] Larochelle was then referred to Cyr by a third attorney. Cyr testified that after failing to convince Larochelle to work out his disagreement with Hodsdon, he agreed to represent him. Cyr testified that the referring attorney, since deceased, told him there was no insurance coverage for the lawsuit and he made no further inquiry.

[¶ 4] The trespass action was tried with Cyr defending, and a judgment was entered against Larochelle for $46,904.29 in March of 1990. No appeal was taken in the trespass action, but Larochelle filed the present legal malpractice action against Hodsdon and Cyr alleging a failure to investigate and obtain insurance coverage for the underlying action. He amended his complaint later to include an allegation that both attorneys were negligent in preparing his defense in the trespass action.

[¶ 5] In the present action, the court bifurcated the trial, and first heard the issue of liability. At the close of Larochelle's case, the court granted Hodsdon's motion and dismissed the claim of negligent preparation against him. The jury returned three separate verdict forms. It found that Hodsdon was negligent in failing to investigate and obtain insurance coverage for the trespass action, but that his negligence was not a proximate cause of harm to Larochelle. With regard to Cyr, the jury found that he was not negligent in failing to investigate the availability of insurance coverage, nor was he negligent in preparing the defense of the trespass action. Larochelle now appeals solely with regard to the findings concerning each attorneys' failure to investigate and obtain insurance coverage.

[¶ 6] At the conclusion of the presentation of evidence, Larochelle moved for "a judgment for the plaintiff." After the verdict was returned, he moved for "a judgment notwithstanding the verdict." Both motions were appropriately referred to as "motions for judgment as a matter of law." M.R. Civ. P. 50. The court denied both motions. We review the denial of a motion for judgment as a matter of law "to determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury verdict." *Davis v. Currier,* 1997 ME 199, ¶ 3, 704 A.2d 1207.

[¶ 7] As plaintiff, Larochelle had the burden of proof. Defendants presented credible expert testimony that, even if they had inquired into insurance coverage during the course of their representation, at any time prior to our opinion in *Massachusetts Bay Ins. v. Ferraiolo Const.,*[1] the insurance company would have declined to provide a defense. The defense expert also testified that it was reasonable for Cyr to rely on another attorney's statement regarding the availability of insurance coverage. Moreover, in the underlying trespass action, the jury had found that Larochelle acted willfully and knowingly in trespassing on his neighbor's land and even his own expert witness conceded that an insurer would have no duty to indemnify such a judgment. Considering all of the evidence in the light most favorable to defendants, the jury was not rationally compelled to conclude that Larochelle had established the essential elements of his claims. *See Lewis v. Knowlton,* 1997 ME 12, ¶ 8, 688 A.2d 912, 913. The court did not err in denying the motion for judgment as a matter of law.

[¶ 8] Larochelle also moved for a new trial and argued unsuccessfully that error committed in the course of the trial deprived him of substantial justice. He also argued that the verdicts were contrary to the evidence. We review a denial of a motion for a new trial for a clear and manifest abuse of discretion. *Taylor v. Lapomarda, Jr.,* 1997 ME 216, ¶ 5, 702 A.2d 685, 687. It is proper for the "trial court to deny a motion for a new trial unless it is reasonably clear that

---

1. In *Ferraiolo* we held that it is possible that "property damage from intentional acts performed under a mistake as to ownership" could be "neither expected nor intended from the standpoint of the insured." *Massachusetts Bay Ins. v. Ferraiolo Const.,* 584 A.2d 608, 610 (Me. 1990). Thus, we found a duty to defend what might otherwise have been excluded as an intentional act.

prejudicial error has been committed or that substantial justice has not been done." *Davis v. Currier*, 1997 ME 199, ¶ 7, 704 A.2d 1207.

[¶ 9] First, Larochelle contends that the court erred in bifurcating the trial on the issues of liability and damages. Contrary to his contention, he fails to demonstrate that the limitation on evidence regarding damages in phase one of the trial prejudiced his efforts to establish liability. The jury heard evidence of the amount of the judgment returned against him in the underlying trespass action. By deferring the presentation of evidence concerning consequential damages other than the judgment, the court did not prejudice Larochelle's ability to prove a breach of duty and causation. The court committed no error in bifurcating the trial.

[¶ 10] Larochelle next argues that the court erroneously instructed the jury that "the law was 'unclear' as to coverage as of 1990." He misstates the court's language. The court stated that the issue of insurance coverage in cases of trespass was "undecided" at the time Hodsdon and Cyr were involved in representing Larochelle. We first found a duty to defend a trespass action in *Massachusetts Bay Ins. v. Ferraiolo Const.*, 584 A.2d 608, 610 (Me.1990) and noted that we had never before been called on to decide whether an alleged trespass could be an "occurrence" covered by a liability insurance policy. Our opinion in *Ferraiolo* was issued nearly ten months after the trial in the underlying trespass action. The court did not err.

[¶ 11] Larochelle argues that the court's jury instructions improperly required him to prove that the insurer would have immediately provided a defense or indemnity at the time either defendant placed it on notice. The court did not require the jury to conclude that insurance be immediately recoverable. Rather, it instructed the jury to consider whether defense or indemnification would have been provided "at the time the defendant in question had an opportunity to place the insurer on notice of [the trespass] claim." The instruction reflects the fact, established by the evidence, that indemnity was no longer a possibility after the jury in

the trespass action found that Larochelle willfully and knowingly trespassed on his neighbor's land. Whatever counsel might have done in obtaining coverage would have required notice to the insurer before this event. An insured who mistakenly trespasses on his neighbor's land may be entitled to a defense and indemnity, even though his acts were intentional. On the other hand, an insured who is found to have willfully and knowingly trespassed on his neighbor's land would not be entitled at that point to either a defense or indemnity.

[¶ 12] Although Larochelle objected to the instructions given by the court, he failed to clearly articulate the basis for his objection. He requested an instruction that "our claim also relates to successfully obtaining coverage for a declaratory judgment action. In other words, he can recover damages at a subsequent time." On appeal, he explains for the first time that he wanted the jury to consider whether "defendants were negligent in their failure to pursue coverage, even if it merely would result in a settlement or prompt the insurance company to defend under a reservation of rights." Having failed to state this objection distinctly at the trial, it is unpreserved. M.R. Civ. P. 51(b). The court's instruction, as given, was substantially correct and the court did not abuse its discretion in refusing to amplify the instruction in the manner requested by Larochelle. *See Rich v. Fuller*, 666 A.2d 71, 76 (Me.1995) (citing *Pelkey v. Canadian Pac. Ltd.*, 586 A.2d 1248, 1251 (Me.1991)).

[¶ 13] The jury was provided with three general verdict forms. Each form asked if the named defendant was negligent, and if so, whether that negligence was a proximate cause of harm. Initially, the jurors sent out three unsigned forms and a note asking: "Do we need to do anything else?" Although the form concerning Cyr's negligence in failing to investigate insurance coverage was neither signed nor filled out properly, it suggested that six of the eight jurors found him negligent and five of the eight found that his negligence was not the proximate cause of any harm. After consulting with counsel and without objection, the court reinstructed the jury, reminding them that the verdict forms

must be signed and that six affirmative votes were required to reach a final verdict. After further deliberations, the jury returned with three signed verdict forms properly marked. On Cyr's verdict form, by a vote of six to two, the jury found that he was not negligent in investigating insurance coverage, and thus, did not reach the question concerning causation.

[¶ 14] Larochelle contends that the incomplete verdict form and the actual verdict form pertaining to Cyr's negligence are so "dramatically contrary to one another" that a new trial is required. We have recently rejected the argument that multiple jury verdicts in a particular case must be internally consistent. *State v. Finnemore*, 1997 ME 44, ¶ 7, 690 A.2d 979, 981. It follows logically that inconsistency between an incomplete form and the actual verdict of the jury, does not mandate the granting of a motion for a new trial. *Taylor v. Lapomarda*, 1997 ME 216, ¶ 6, 702 A.2d 685, 687.

[¶ 15] Finally, as previously noted, the verdicts in this case were not contrary to the evidence. The jury was presented with competing expert testimony and chose to credit that offered by the defense. The court did not abuse its discretion in denying Larochelle's motion for a new trial.

[¶ 16] Because we affirm the judgments, we need not address Cyr's cross-appeal.

The entry is:

Judgments affirmed.

