STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. CV-99-479  
*TDW-CUM-5/K/2000*

DONALD L. GARBRECHT  
LAW LIBRARY

MAY 24 2000

ROBERT ADAM,

Plaintiff

vs.

POTTER PRESCOTT JAMIESON  
& NELSON, P.A.,

Defendant

ORDER ON DEFENDANT'S  
MOTION TO DISMISS

Before the court is a motion by defendant Potter Prescott Jamieson & Nelson, P.A. ("Potter Prescott") to dismiss claims for malicious prosecution[1] and intentional infliction of emotional distress brought against Potter Prescott by plaintiff Robert Adams.

This is the fourth lawsuit to result from a dispute between Potter Prescott and one of its former clients, James Hartnett. Initially Potter Prescott brought a district court action to collect attorneys fees which it contended were owed by Hartnett. Hartnett sought fee arbitration and the collection action was stayed. While the fee arbitration was pending, Hartnett moved for leave to assert a counterclaim for malpractice in the district court -- a motion that the district court declined to entertain because of the pending fee arbitration. Hartnett then brought an independent malpractice action against Potter Prescott in Superior Court. Potter Prescott then responded with a lawsuit asserting various claims, including but not

---

[1]    In Adam's complaint his malicious prosecution claim is denominated as a claim for "wrongful use of civil proceedings". The court understands this to be the same as a malicious prosecution claim and will use the latter term because it is shorter.

limited to malicious prosecution, against Hartnett, against John Campbell (the attorney who represented Hartnett in the fee arbitration, the district court collection action, and the superior court malpractice action), and against Robert Adam. Adam is an accountant who testified for Hartnett in the fee arbitration proceeding.

Potter Prescott's lawsuit against Hartnett, Campbell, and Adam was dismissed by the Superior Court (Bradford, J.) on July 9, 1996. See Potter Prescott Jamieson & Nelson, P.A. v. Hartnett, et al., Docket No. CV-96-36. Thereafter the court (Calkins, J.) denied Potter Prescott's motion to alter the order of dismissal either to specify that the dismissal was without prejudice or to allow leave to amend. Potter Prescott then appealed to the Law Court, which affirmed the orders entered by the Superior Court. Potter Prescott Jamieson & Nelson, P.A. v. Campbell, 1998 ME 70, 708 A.2d 283.

A.    Adam's Malicious Prosecution Claim

Potter Prescott, now faced with a malicious prosecution suit against it based on its own earlier malicious prosecution suit, argues that Adam's malicious prosecution claim must be dismissed because the dismissal of the prior suit did not qualify as the kind of favorable termination necessary for a malicious prosecution claim. In support of its argument, Potter Prescott cites Palmer Development Corp. v. Gordon, 1999 ME 22, ¶10-11, 723 A.2d 881, 884, which held that the dismissal of a prior suit on statute of limitation grounds was not an adjudication on the merits that could support a subsequent malicious prosecution claim.

2

The court denies Potter Prescott's motion to dismiss Adam's malicious prosecution claim for three reasons. First, there is a difference between a dismissal based on a waivable statute of limitations defense (as in <u>Palmer</u>) and a dismissal based on the absence of an essential element of a plaintiff's claim. As the Law Court has made clear, a prior favorable termination of proceedings is an essential element of a malicious prosecution claim. Its absence therefore relates to the merits of the claim. <u>See</u> <u>Palmer Development Corp.</u>, 1999 ME 22 ¶10, 723 A.2d at 884.

Second, the Law Court emphasized that the decision dismissing Potter Prescott's suit against Adam was an adjudication on the merits with prejudice and it expressly affirmed Justice Calkins's order denying leave to amend. 1998 ME 70, ¶¶9-10, 708 A.2d at 286. Although not dispositive, this is inconsistent with Potter Prescott's argument that the dismissal of its suit against Adam was solely a technical dismissal because its suit was premature.

Third, Justice Bradford's dismissal of the claims against Adam does not appear to have been based solely on the absence of a favorable termination of the prior litigation against Potter Prescott. Justice Bradford dismissed the claims against Adam because he found that the allegations against Adam concerned Adam's conduct as a witness and he concluded that statements made by witnesses in judicial proceedings are entitled to absolute immunity. July 9, 1996 Decision and Order at 8. On appeal the Law Court observed that Potter Prescott characterized its claims against Adam as civil conspiracy claims based on Adam's allegedly false and malicious testimony at the fee arbitration proceeding. 1998 ME 70, ¶4 n. 3, 708 A.2d

3

at 285 n. 3.  The Law Court did not, however, reach the witness immunity issue because it dismissed the conspiracy claim on other grounds.  To the extent that witness immunity was an independent basis for the dismissal of Potter Prescott's claim against Adam, however, it would appear to consitute an alternative ground for dismissal on the merits upon which a malicious prosecution claim can be based.

B.    Adam's Intentional Infliction of Emotional Distress Claim

Potter Prescott has also moved to dismiss Adam's intentional infliction of emotional distress claim, contending that an intentional infliction claim is foreclosed in this case by Davis v. Currier, 1997 ME 199, 704 A.2d 1207.  In Davis the Law Court squarely held that it was "not prepared to recognize that the tort of intentional infliction of emotional distress is available to a party outraged by the filing of a lawsuit against it".  1997 ME 199, ¶6, 704 A.2d at 1209.  This holding is fatal to Adam's intentional infliction claim in the case at bar.

The entry shall be:

> Defendant's motion to dismiss denied as to plaintiff's claim for malicious prosecution/wrongful use of civil proceedings (Count I of complaint) but granted as to plaintiff's claim for intentional infliction of emotional distress (Count II of complaint).

Dated: May 19 , 2000

Thomas D. Warren
Justice, Superior Court

4

Date Filed _8-19-99_　　　　_Cumberland_　　Docket No. ___CV99-479___

　　　　　　　　　　　　　　　County

Action ___Personal Injury___

Robert Adam　　　　　　　　　　Potter, Prescott, Jamieson & Nelson, PA

　　　　　　　　　　　　　　vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thomas Hallett, Esq　775-4255<br>PO Box 7508<br>Portland, ME 04112 | JAMES BOWIE, ESQ.　　774-2500<br>P. O. BOX 4630<br>PORTLAND, MAINE　04112 |

Date of