2002 ME 48

**Joseph C. CURRAN**

v.

**John B. RUFFING et al.**

Supreme Judicial Court of Maine.

Argued: March 6, 2002.
Decided: March 28, 2002.

Gregory R. Smith, Esq. (orally), William H. Leete Jr., Esq., Leete & Lemieux, P.A., Portland, for plaintiff.

Robert J. Stolt, Esq. (orally), Lipman & Katz, P.A., Augusta, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, JJ.

1. Because we find there was ultimately no binding contract, we need not address Curran's arguments regarding special damages and lost profits.

DANA, J.

[¶ 1] John B. and Marcia Ruffing appeal from the judgment entered in the Superior Court (Kennebec, *Marden, J.*) following a jury's verdict in favor of Joseph C. Curran on his claim for breach of contract in the sale of the Ruffings' business, Ruffing Associates. The Ruffings assert that the Superior Court erred by denying their motion for judgment as a matter of law, and by admitting Curran's testimony regarding special damages and lost profits. Because the condition precedents were not met, we find that the Superior Court erred in denying the Ruffings judgment as a matter of law and vacate the judgment.[1]

## I. CASE HISTORY

[¶ 2] In August 1994, the Ruffings decided to sell their workers' compensation case management services company, Ruffing Associates, and entered into a brokerage agreement with Edward Mallett, owner of Maine Restaurant Exchange, LTD. In May 1995, Mallett introduced Joseph C. Curran, a potential buyer to the Ruffings. On May 15, 1995, Curran made an offer and the Ruffings rejected it. Negotiations were rekindled and on May 27, 1995, the parties signed an "Offer to Purchase" that included an attachment that was labeled Amendments/Contingencies to Offer to Purchase Contract.

[¶ 3] The Offer to Purchase agreement lists, among other provisions,

24.e The closing date shall be June 9, 1995, and is subject to Sellers agreement to provide Seller financing to the Purchaser. The terms of which are indicated under # 3.f of this Offer to Purchase Contract.[2]

2. The terms under 3 and 3.f. provide that the balance of $80,000 would be payable to the

24.h   Seller financing provided to the Purchaser shall be subject to Purchaser's credit worthiness....

24.j   Purchaser and Seller shall execute a mutually satisfactory indemnification agreement at closing ....

24.s   If Purchaser is unable to meet and/or secure any one of the above named provisions to include Seller financing mentioned in number 3.f, 3.g and 24.h of the Offer to Purchase Contract dated May 27, 1995, then this Offer to Purchase contract shall be null and void and all the Purchaser's deposits shall be returned in full to Purchaser within five business days of the termination of this contract.

It also provides that the closing documents were to be delivered to Curran by May 31, 1995. The Ruffings' attorney delivered the closing documents that included an "Agreement of Sale" on June 8. The scheduled June 9 closing did not occur. Curran objected to provisions of the Agreement of Sale that addressed (1) operation and control, (2) the scope of the non-compete provision, (3) the method for determining the amount of annual principal reduction payments, (4) the costs of financing document preparation, (5) the date monthly installment payments were to commence, (6) right to cure, (7) indemnification obligations, and (8) the acceleration clause with regard to the payment plan. Negotiations ensued and additional closing dates were scheduled; the parties, however, never reached an agreement and the Ruffings ultimately terminated negotiations.

[¶ 4] On January 16, 1996, Curran filed a single count breach of contract claim (Count I) later amending it to include claims for promissory estoppel (Count II) and bad faith (Count III). In May and June 1998, the parties filed cross motions for summary judgment on all three counts. The Ruffings asserted that the Offer to Purchase contained conditions precedent that had to occur prior to the agreement becoming final and enforceable. Curran contended that the Offer to Purchase was a valid, complete and enforceable contract. In an order dated March 19, 1999, the Superior Court (*Marden, J.*) denied the parties cross-motions for summary judgment on the breach of contract count and granted the Ruffings request for summary judgment as to the claims for promissory estoppel and bad faith.

[¶ 5] On March 13, 2000, the breach of contract count was tried to a jury. The Ruffings moved for judgment as a matter of law at the close of all the evidence. The Superior Court denied it. By agreement of the parties, the matter was submitted to the jury in the form of interrogatories. On March 28, 2000, the jury returned a verdict in Curran's favor, finding that the parties entered into a contract, that the Offer to Purchase did not contain a condition precedent to performance, the Ruffings breached the Offer to Purchase, that Curran did not waive the breach, and that Curran suffered damages in the amount of $45,000 "that were specifically within the contemplation of the parties."

[¶ 6] On March 30, 2000, the Superior Court entered judgment on the jury verdict, and on April 7, 2000, the Ruffings

---

seller on a monthly payment schedule: $1699.77 (including 10.00% interest) or more per month (not to include any prepayment penalty) for a period of fifty-nine (59) months and one final payment of the balance due in the sixtieth month. First payment to commence on September 1, 1995 with no accrued interest between date of closing and September 1, 1995.

filed a post-judgment motion for a judgment as a matter of law. A hearing was held on June 6, 2000, and, again on March 29, 2001, the Superior Court denied the Ruffings motion for judgment as a matter of law and affirmed the judgment of March 30, 2000. It is from this judgment that the Ruffings timely appeal.

## II. DISCUSSION

■ [¶ 7] "We review the denial of a motion for judgment as a matter of law 'to determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury's verdict.'" *Budzko v. One City Ctr. Assocs. Ltd. P'ship,* 2001 ME 37, ¶ 9, 767 A.2d 310, 313 (quoting *Larochelle v. Cyr,* 1998 ME 52, ¶ 6, 707 A.2d 799, 801). "A party seeking judgment as a matter of law after trial 'has the burden of establishing that the adverse jury verdict was clearly and manifestly wrong.'" *Id.* (quoting *Maine Energy Recovery Co. v. United Steel Structures, Inc.,* 1999 ME 31, ¶ 5, 724 A.2d 1248, 1250).

[¶ 8] The Ruffings argue that the formation of a binding contract did not occur because the condition precedents set out in paragraph 24(e), (h), (j), and (s) were never met. Curran asserts that there was sufficient evidence for a jury to conclude that the Offer to Purchase was a "valid, complete, and enforceable contract."

■ [¶ 9] Contrary to Curran's contentions, the record does not support the finding that the Offer to Purchase was a valid, complete, and enforceable contract. *See Forrest Assocs. v. Passamaquoddy Tribe,* 2000 ME 195, ¶ 10, 760 A.2d 1041, 1045 (stating that an agreement to work toward an agreement is not an enforceable contract). The Offer to Purchase stated that (1) the closing was subject to the sellers agreement to provide seller financing, (2) seller financing depended on Curran's credit worthiness, (3) a mutually satisfactory indemnification agreement be reached at closing, and (4) if Curran was "unable to meet/or secure" any provisions, including seller financing, then the Offer to Purchase was null and void. These provisions are condition precedents to the existence of a binding contract. They serve to protect the Ruffings with respect to their consideration of seller financing. When the parties were unable to agree on the seller financing and indemnification provisions of the Agreement of Sale, the Offer to Purchase became null and void. Thus, the court should have granted the Ruffings a judgment as a matter of law and the jury's verdict finding that the Ruffings breached an enforceable contract was clearly and manifestly wrong.

The entry is:

Judgment vacated.