STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10 168/169

CARLA and JOHN THURSTON,

Plaintiffs

v.

ORDER ON MOTION TO
SHOW CAUSE

ROBERT NGUYEN and
TOWN OF BUXTON,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 11 2015

RECEIVED

Before the court is the defendants' motion to show cause. A jury trial was held in this case in January 2013, and the jury returned a verdict for the defendants. Defendants filed a bill of costs with the court, which the plaintiffs did not challenge. Plaintiffs filed a motion for a new trial, which was denied by the court on September 17, 2013. On the same day, the court approved defendants' bill of costs and issued an order. The order required the plaintiffs to pay defendants' costs within 10 days of the date of the order.

Plaintiffs appealed the judgment to the Law Court, which affirmed on October 30, 2014. Defendants then filed this motion to show cause because the plaintiffs have not paid the outstanding award of costs.

DISCUSSION

"An order to show cause is not authorized by the Maine Rules of Civil Procedure." *Mitchell v. Flynn*, 478 A.2d 1133, 1134 n.2 (Me. 1984). The "motion to show cause" simply adds an additional, unnecessary procedural hurdle to what may be accomplished with another motion. *Id.*

Nevertheless, the court does not agree with defendants that the disclosure process is the exclusive vehicle for plaintiffs to collect their costs. The statutory scheme for enforcing money judgments in the District Court provides that it "is not an exclusive procedure and may be utilized with any other available procedure." 14 M.R.S. § 3120 (2014). It would be a waste of time and resources to require the plaintiffs to initiate a disclosure proceeding when there is already a statutory procedure for challenging an award of costs.

The process for awarding costs is set forth in 14 M.R.S. § 1502-D (2014), which allows a party to challenge an award of costs and argue that imposing costs would cause financial hardship. Plaintiffs failed to timely challenge the award of costs and they do not argue that they lack the ability to pay. The court therefore presumes that plaintiffs have the ability to comply with the order. *See Mitchell*, 478 A.2d at 1135 ("When the allegedly violated order itself contains an implicit finding of ability to comply at the time the order issued, there arises a presumption that the defendant is also presently able to comply and the plaintiff makes his prima facie case of contempt of court by establishing that the defendant has failed to comply with a valid court order."). If plaintiffs truly believe the costs constitute financial hardship, the court will give the plaintiffs an additional opportunity to file affidavits or other evidence establishing their inability to pay, which they must do within 10 days of this order. Otherwise, if plaintiffs fail to pay, defendants may file a motion for contempt to enforce this court's order awarding costs.

The entry is:

> Plaintiffs shall pay the awarded costs, a total of $2,193.53, or file affidavits or other evidence establishing their inability to pay the awarded costs, within ten (10) days of this order.

2

If plaintiffs fail to comply with this order, defendants may file a motion for contempt and the court may award sanctions as a penalty for unnecessary delay.


Date: February 11, 2015

_____
Joyce A. Wheeler
Justice, Superior Court




Plaintiff Carla Thurston-Philip Mancini Esq
Plaintiff John Thurston-J William Druary Esq, Daniel Mooers Esq, C Donald Briggs Esq
Defendants-Jonathan Brogan Esq

3

*Mcd*

STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss                   CIVIL ACTION
                                 DOCKET NO. CV-10 168/169
                                 JAW - CUM - 9/19/2013

CARLA and JOHN THURSTON,

        Plaintiffs

                                 ORDER ON MOTION FOR
v.                               NEW TRIAL

ROBERT NGUYEN and TOWN OF BUXTON,

        Defendants

Plaintiffs move the Court for a new trial pursuant to M.R. Civ. P. 59(a). They

argue that the Court committed prejudicial error in precluding the expert testimony of

Glen Reed at trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sustained injuries following an automobile collision between their car

and an ambulance owned by the town of Buxton. On April 20, 2010, plaintiff John

Thurston filed a complaint alleging that the defendant Robert Nguyen negligently drove

the ambulance through the intersection of Congress Street and St. John Street in Portland.

Carla Thurston filed a separate complaint, which was consolidated with this action on

August 25, 2010.

One of the plaintiffs' potential witnesses was Glen Reed, a former ambulance

driver for the town of Scarborough. Prior to trial, the defendants filed a motion *in limine*

to exclude Glen Reed's expert testimony. On April 2, 2012, the Court granted the

defendants' motion in a written order. The Court excluded his testimony because it would

not assist a trier of fact for two reasons: 1) the standard of care of an ambulance driver,

with lights and sirens on, travelling through an intersection against a red light is common

knowledge that does not require expert testimony and 2) his proposed testimony would likely confuse or mislead the jury because it is contrary to the applicable standard of care set forth in 26-A M.R.S. § 2054(5)(B).

On February 5, 2013, judgment was entered in favor of the defendants. The plaintiffs filed a motion for a new trial on February 15, 2013.

## DISCUSSION

### 1. Standard of Review

Under M.R. Civ. P. 59(a), the Court may grant a new trial "on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state." The Court should "deny a motion for a new trial unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Larochelle v. Cyr*, 1998 ME 52, ¶ 8, 707 A.2d 799 (quoting *Davis v. Currier*, 1997 ME 199, ¶ 7, 704 A.2d 1207).

Additionally, if Plaintiffs' request is nothing more than a request for reconsideration, it is highly disfavored. The law requires that a motion for reconsideration shall not be filed "unless required to bring to the court's attention an error, omission or new material that could not previously been presented." M.R.Civ.P. 7(b). Plaintiffs argue that their Rule 59(a) motion is not simply a motion for reconsideration because the exclusion of the expert testimony of Mr. Reed constituted a prejudicial error that resulted in substantial injustice. On this point, plaintiffs bear the burden as the moving party.

### 2. Plaintiffs' Motion for a New Trial

Plaintiffs challenge the Court's decision to exclude the testimony of Mr. Reed. They make essentially the same arguments they presented to the Court in response to the

2

defendants' pre-trial motion to exclude Mr. Reed's testimony. The Court's October 2, 2012 Order fully addressed the issues raised by plaintiffs in both their motion *in limine* and their Rule 59(a) motion. The Court is not persuaded that it erred in excluding Mr. Reed's testimony because his testimony would not have established the applicable standard of care and because Mr. Reed's testimony would likely have confused the jury.

Plaintiffs argue that Mr. Reed's testimony would have explained the standard of care of operating an emergency vehicle through an intersection. Mr. Reed would have testified that it is customary for a professional ambulance driver proceeding against a red light to come to a complete stop before entering a busy intersection, and that this standard of care is outside the realm of common knowledge and required an expert. The Court addressed this same argument in the October 2, 2012 Order.

The Court concluded in it Order that several aspects of Mr. Reed's proposed testimony would likely confuse or mislead the jury on the applicable standard of care and was not the type of testimony that would assist the jury. Mr. Reed's opinion regarding the standard of care and coming to a complete stop was based solely on his experience driving an ambulance in Scarborough, where he was an ambulance driver. (Reed Dep. 51:3-5.) Pursuant to the standard operating procedures of the Town of Scarborough, which is the only town with which Mr. Reed appears to have experience, Mr. Reed testified that he was required to come to a complete stop before navigating an intersection against a red light or stop sign even when operating in a "code 3" (i.e. with lights and sirens activated). (Reed Dep. 77:25 – 78:2.) Mr. Reed did not have any knowledge of the standard operating procedures for ambulance drivers in Buxton or Portland. (Reed Dep. 51:24-52:4.) Mr. Reed's testimony is therefore based on procedures that would not

3

apply to Mr. Nguyen as an ambulance driver for the Town of Buxton driving to a hospital in Portland.

Moreover, Mr. Reed agreed with the defendants that the standard of care for an ambulance driver is found in 29-A M.R.S.A. § 2054(5). (Reed Dep. 57:13-21.) That section provides: "The operator of an authorized emergency vehicle may . . . [p]roceed past a red signal, stop signal or stop sign, but only after slowing down as necessary for safe operation." 29-A M.R.S.A. § 2054(5). Mr. Reed also testified at his deposition that, in his opinion, every ambulance driver must come to a complete stop before proceeding against a red light. (Reed. Dep. 50:24-51:5.) Yet, he knew of no protocols similar to Scarborough's protocol requiring a complete stop at any red light. Thus, there was no basis for Mr. Reed testifying regarding Mr. Nguyen's compliance with or disregard of any protocols requiring a complete stop. He later also testified that it is not necessary for an emergency vehicle to come to a complete stop at a red light under 29-A M.R.S.A. § 2054(5). (Reed Dep. 57:4-21.) Thus, his testimony would have confused or mislead the jury.

The Plaintiffs have failed to show how exclusion of the expert testimony of Mr. Reed constituted a prejudicial error that resulted in substantial injustice. The jury was instructed with regard to the rules of the road as they applied to an emergency vehicle as follow:

> 9. The operator of an authorized emergency vehicle when responding to an emergency call may proceed past a red signal, but only after slowing down as necessary for safe operation, may exceed the maximum speed limit as long as life or property is not endangered, and may disregard regulations governing the direction of movement or turning specified directions. However, an operator of an ambulance who engages in any of these privileges shall sound a bell or siren when reasonably necessary to warn pedestrians and other operators of the emergency vehicle's approach.

4

Further, the operator of an ambulance is not relieved from the duty to drive with due regard for the safety of all persons, and is not protected from the consequences of the reckless disregard for the safety of others.

The jury could follow the rules of the road described in instruction no. 9 in determining whether Mr. Nguyen was operating the ambulance in a way that a reasonably careful ambulance driver would have operated his vehicle under the circumstances in question. Mr. Reed's testimony was not the kind that would have assisted the jury in determining the applicable legal standard of care. The jury was fully capable of determining the standard of care of an ambulance drive operating an ambulance with lights and sirens on, through an intersection against a red light. There has been no substantial injustice.

The entry is:

Plaintiffs' motion for a new trial is DENIED.

Date:  September 17, 2013

_____

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-Phillip Mancini Esq
        C Donald Briggs Esq
        J William Druary Esq
Defendants-Jonathan Brogan Esq

5

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO:
CV-10-168/169
JAWCum-4/2/2012

JOHN THURSTON

Plaintiff/Counterclaim
Defendant

v.

ROBERT NGUYEN and TOWN
OF BUXTON

Defendants/Counterclaim
Plaintiffs

and

CARLA THURSTON

Plaintiff

v.

ROBERT NGUYEN and TOWN
OF BUXTON

Defendants



STATE OF MAINE
Cumberland, ss. Clerk's Office

APR 02 2012

RECEIVED

## ORDER ON PARTIES' MOTIONS IN LIMINE

Before the court are defendants' motion *in limine* seeking disqualification of Mr. Reed as expert witness for the plaintiff on the grounds that he is not qualified to serve as an expert regarding the "rules of the road" and the plaintiffs' cross-motion *in limine* to exclude inquiry regarding Mr. Reed's conviction for reckless conduct and driving to endanger. The motions have been fully briefed by the parties and are decided without hearing pursuant to M.R. Civ. P. 7(b)(7).

1

## BACKGROUND

This case arises out of an automobile accident involving John Thurston and Carla Thurston (collectively "Plaintiffs") and Robert Nguyen ("Defendant" or "Nguyen") occurring on September 20, 2008 at the intersection of Congress Street and St. John's Street in Portland, Maine. John Thurston was operating his passenger car southbound on St. John Street and Carla Thurston was a passenger in the car. Nguyen was operating an ambulance owned by the Town of Buxton and was traveling southbound on Congress Street. The parties agree that Nguyen entered the intersection against a red light and that the Plaintiffs had a green light. The vehicles collided in the intersection and the Plaintiffs allege that the accident was caused by Nguyen's negligence. The Defendants have counterclaimed alleging that Thurston caused the accident by negligently failing to yield to an emergency vehicle.

## DISCUSSION

The Defendants bring this motion *in limine* to challenge the qualifications of Glen Reed who has been designated an expert witness for the Plaintiffs and who is expected to testify regarding the rules of the road pertaining to emergency vehicles in intersections and to offer his opinion that Nguyen failed to use reasonable care when proceeding through the intersection at issue in this case.

The qualification of an expert witness and the scope of the expert's testimony are matters within the discretion of the trial court. *State v. Tibbets*, 572 A.2d 142, 143 (Me. 1990). Maine Rule of Evidence 702 establishes the standard for the admission of expert testimony. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

2

> issue, a witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify thereto in the form of
> an opinion or otherwise.

M.R. Evid. 702. "A proponent of expert testimony must establish that (1) the testimony is relevant pursuant to M.R. Evid. 401, and (2) it will assist the trier of fact in understanding the evidence or determining a fact in issue." *Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, ¶ 21, 878 A.2d 509 (citing *State v. Williams*, 388 A.2d 500, 504 (Me. 1978)). The proposed testimony must also meet a threshold level of reliability. *Id.* at ¶ 22. Among other tests of reliability aimed at more scientific or technical testimony, reliability may be evaluated based on the qualifications of the expert. *Id.* at ¶ 23. The Defendants object to Mr. Reed's testimony both regarding the reliability of the testimony based on his lack of qualifications and on the grounds that the testimony is not of a kind that will assist the trier of fact in determining the applicable legal standard in this case.

a.    *Qualifications*

Mr. Reed's asserted qualifications are that he has been certified as an ambulance driver through the Ambulance Vehicle Operators Course (Reed Dep. 17:22 – 18:18.) For approximately eight years, he served as a per diem EMT one night per week in the Town of Scarborough. (Reed Dep. 9:20-22.) During those shifts Reed drove the ambulance on 100% of the calls. (Reed Dep. 20:13-15.) Reed stopped working as a per diem EMT in approximately 2008 and subsequently worked with the Scarborough Fire Department during which time he has not operated an ambulance. (Reed Dep. 22:9-21.) The Plaintiffs point to the fact that Reed acts as a training officer, instructing and overseeing the continuing education of fire fighters and EMTs, however, he testifies that there is

3

no continuing education requirements regarding operation of an ambulance. (Reed Dep. 23:1 – 25:11.)

Reed testifies that he has operated an ambulance in a "code 3" (i.e. with lights and sirens activated) hundreds, possibly thousands, of times. (Reed Dep. 76:13-21.) Pursuant to the standard operating procedures of the Town of Scarborough, which is the only Town with which Reed appears to have experience, Reed testifies that he was required to come to a complete stop before navigating an intersection against a red light or stop sign even when operating in a code 3. (Reed Dep. 77:25 – 78:2.)[1] He further testifies that he has personal experience with driving ambulances of the same size and type as the ambulance involved in this accident and of the intersection in question. (Reed Dep. 44:17 – 45:1; 72:24 – 74:14; 79:18 – 25.)

The Defendants principal opposition to Reed's qualification as an expert witness regarding the "rules of the road" arises from the fact that he was charged with and pleaded *nolo contendere* to counts of reckless conduct with a deadly weapon (a motor vehicle) and driving to endanger arising from a automobile accident in which Reed admits to inattention and resulted in injury to himself and his two passengers. (Reed Dep. 30:9-20; 35:9 – 37:20.) These charges also led to a thirty-day suspension of his driver's license. (Reed Dep. 37:16-20.)[2]

---

[1] The Plaintiffs state in their opposition that Reed has knowledge of the standard operating procedures of similar ambulance drivers in Cumberland County. (Opp. 3.) The citation to pages 50, line 24 through page 52, line 8 does not reveal any such knowledge outside of the Town of Scarborough. In fact, in subsequent testimony, Reed reveals that he has no knowledge of the standard operating procedures of the City of Portland or the Town of Buxton. (Reed. Dep. 51:9- 52:7.)

[2] Attorney Mancini represented Reed with regard to these criminal charges. (Reed Dep. 30:9-20.)

4

Although there may be other people more qualified to serve as an expert witness, based on Mr. Reed's employment as an ambulance driver over the course of eight years for the Town of Scarborough during which he operated an ambulance through the very intersection in question and on other occasions hundreds or even thousands of times, the court finds that Mr. Reed has sufficient qualifications to testify about the proper operation of an ambulance when proceeding with lights and sirens activated.

b.    *Assist a Trier of Fact*

The Defendants also object to Mr. Reed's expected expert testimony on the grounds that it is not of the kind that will assist a trier of fact to determine the applicable legal standard and that it will, in fact, tend to confuse and mislead the jury as to the proper standard of care. The Plaintiffs argue that Mr. Reed's testimony is necessary to clarify how emergency personnel are to apply the statutory obligation to "[p]roceed past a red signal, stop signal or stop sign, but only after slowing down as necessary for safe operation" established in 29-A M.R.S. § 2054(5)(B) because this matter is only within the knowledge of experts. (Pls. Opp. 4-5.)

The Law Court has held that where the standard of care (i.e. what the reasonable person would have done under like circumstances) is within the common knowledge of lay people, no expert testimony is required. For example, the standard of care for a contractor engaged in blasting is within the common knowledge of lay people because most people understand that to prevent property damage one should use fewer explosive charges and space them farther apart. *Maravell v. R.J. Grondin & Sons*, 2007 ME 1, ¶ 12, 914 A.2d 709, *citing Albison v. Robbins & White, Inc.*, 151 Me. 114, 125, 116 A.2d 608 (1955). In contrast,

5

the standard of care that a general contractor must meet to prevent property damage from blasting is not generally within the common knowledge of a layperson because a layperson would not be likely to be able to articulate the steps a general contractor must take to prevent that damage. *Id.* at ¶ 12.

M.R. Evid. 403 requires the court to exclude evidence that will be unnecessarily cumulative or has the potential to mislead the jury. "Because [expert] testimony can carry with it an unwarranted aura of special reliability and trustworthiness, courts must guard against letting it intrude in areas that jurors, by dint of common experience, are uniquely competent to judge without the aid of experts." *U.S. v. Pires*, 642 F.3d 1, 12 (1st Cir. 2011) (internal quotation marks removed).

The Plaintiffs suggest that there are separate rules governing an emergency vehicle operating during an emergency and that expert testimony is therefore permitted to assist a lay juror. (Opp. 5.) The Plaintiffs are likely referring to 26-A M.R.S. § 2054(5)(B) but this is not a separate statutory code for emergency vehicle operators: it is part of the traffic code applied to all drivers. The opinion that the Plaintiffs state that Mr. Reed will offer is an "ambulance driver has an affirmative responsibility and duty [] to navigate every intersection in a way that does not result in an accident." (Opp. 4, *citing* Reed Dep. 53: 12-16.) The court finds that this standard of care of an ambulance driver operating an ambulance with lights and sirens on, through an intersection against a red light, is within the common knowledge of lay people and does not require expert testimony.

While Mr. Reed agrees with the Defendants that the 5 M.R.S. § 2054(5)(B) is the standard of care, he states that the vehicle with the right of way under the

6

regular rules of the road also has the right of way and that the standard of care also requires the ambulance driver to come to a complete stop before proceeding through an intersection against a red light. (Reed Dep. 49:18-25; 53:21 – 54:25.) This testimony is clearly contradictory: the statute cannot be the standard of care if there are additional and contrary requirements. The court finds that the proposed testimony will likely lead to confusion of the jury.

Furthermore, given that Mr. Reed has testified in his deposition that he has no knowledge of any protocols similar to that in Scarborough, requiring a complete stop at any red light, there is no basis for his testimony regarding Nguyen's compliance with or disregard of any protocols.

## II.    Plaintiff's Cross-Motion

The Plaintiffs ask the court to restrict inquiry into the criminal background of Mr. Reed on the grounds that this type of questioning is excluded by the Maine Rules of Evidence. Because Mr. Reed's testimony is excluded, this motion does not need to be addressed.

**The entry is:**

The Defendants' motion *in limine* to exclude the expert testimony of Glen Reed is GRANTED. The Plaintiffs' cross-motion *in limine* is moot.

DATE: April 2, 2012

Joyce A. Wheeler
Justice, Superior Court

Plaintiff John Thurston-Daniel Mooers Esq
                        -J William Druary Esq
Plaintiff Carla Thurston-Philip Mancini Esq

Defendants-Jonathan Brogan Esq

7