STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-15-0092

23 West Condominium
Association,

      Plaintiff,

    v.

D. F. Richard, Inc,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

ORDER DENYING
MOTION FOR NEW TRIAL

23 West Condominium Association brought this action against D.F. Richard, Inc.

to recover damages to two units resulting from burst pipes. One unit was owned by

Andrew Bartels; the other, by Sue and David Bartlett. The complaint alleged breach of

contract and negligence. After trial, the jury rendered a verdict on December 7, 2018 in

favor of defendant on both counts. Immediately following the verdict, plaintiff's counsel

requested, and was granted, leave to file a motion for judgment notwithstanding the

verdict within thirty days.[1] On December 12, 2018, judgment for the defendant was

entered on the docket. On January 17, 2019, plaintiff filed a motion for a new trial

under M.R. Civ. P. 59, which is now before the court.[2] For the reasons set out below,

the Rule 59 motion for new trial is denied.

---

[1] Plaintiff ultimately did not file a Rule 50(b) motion. The court would not have been inclined to grant such a motion.

[2] Plaintiff's motion for leave to file the motion for new trial is granted. Plaintiff also had previously filed a motion to permit interviews with jurors who had served on the jury in this matter. Defendant filed an opposition on the ground that allowing juror contact during the pendency of this matter could provide information pertinent to the Rule 59 motion, whether or not counsel had intended to solicit that information. The court is denying the motion to permit without prejudice at this time.

The party seeking a new trial after an adverse jury verdict must show it is "reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Larochelle v. Cyr*, 1998 ME 52, ¶ 8, 707 A.2d 799 (quoting *Davis v. Currier*, 1997 ME 199, ¶ 7, 704 A.2d 1207 (1997). The party challenging the jury verdict bears the burden to show clear error. *Daigle & Son, Inc. v. Stone*, 387 A.2d 1115, 1116 (Me. 1987). A verdict must be viewed in the light most favorable to the prevailing party and must stand unless the there is no credible record evidence to support it. *Binette v. Deane*, 391 A.2d 811, 813 (Me. 1978).

Plaintiff seeks a new trial on the contract claim with respect to Andrew Bartels "because no rational jury could have concluded that a contract did not exist and that it was not breached." Pl. Rule 59 Motion for New Trial.

Viewed in the light most favorable to defendant, the evidence did not compel a finding that D.F. Richard breached its contract with Bartels. There was evidence that the agreement to provide automatic propane delivery was subject to any repair actions that had to be taken; that there was a leak in the Bartels tank; and that D.F. Richard was following its leak protocol by letting the tank run out. Where the existence and/or terms of an oral contract are in dispute, "it is for the trier of fact to ascertain and determine the nature and extent of the obligations and rights of the parties." *Carter v. Beck*, 366 A.2d 520, 522 (Me. 1976).

Plaintiff also contends that Question 1 on the Verdict Form "cannot be reconciled with the evidence and the law as instructed." Pl. Rule 59 Motion for New Trial, 1. That is not so; as just noted, there was credible record evidence from which the jury could have found that D.F. Richard did not breach its auto-delivery contract with Andrew Bartels. Moreover, plaintiff's argument concerning the read-back of one witness's testimony, and the jury's interpretation thereof, amounts to speculation. Further, it is

2

the court's view that it did not err in sustaining the objection to plaintiff's use of the word, "contract;" but even if it did, that does not meet the standard for vacating the jury's verdict and ordering a new trial.

Therefore, it is hereby ordered and entry shall be: "Plaintiff's Rule 59 Motion for New Trial is DENIED."

The clerk may enter this Order Denying Motion for New Trial on the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED

Dated: March 29, 2019

_____
Wayne R. Douglas
Justice, Superior Court

Entered on the Docket on: 4/2

Copies sent to the following parties/counsel on: 4/2

Atty Rudman

Atty Joseph

Atty Smith

3

ALFSC-CV-15-92

ATTORNEYS FOR PLAINTIFF:

SAMUEL RUDMAN ESQ
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME 04112-5215

VISITING ATTORNEY
STEVEN SMITH ESQ.
LAW OFFICES OF STEVEN L SMITH PC
404 HARVARD AVE
SWARTHMORE PA 19081

ATTORNEYS FOR DEFENDANT
MICHAEL JOHNSON ESQ
JOSEPH MENDES ESQ
BOYLE SHAUGHNESSY & CAMPO PC
477 CONGRESS ST 5TH FLOOR
PORTLAND ME 04101

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-15-0092

**23 WEST CONDOMINIUM
ASSOCIATION,**

        Plaintiff,

                                     **ORDER**

v.

**D. F. RICHARD, INC.,**

        Defendant.

This matter involves a dispute over liability for damage to two condominium units resulting from ruptured frozen water pipes that flooded the units. Plaintiff is a condominimum association located in Kittery, Maine consisting of two units, one owned by Sue Bartlett and the other by Andrew Bartel. Defendant D. F. Richard, Inc. is a propane gas company with its principal place of business in Dover, New Hampshire. Defendant had an oral contract with the individual unit owners to deliver propane gas on an automatic delivery schedule.

On May 11, 2015, plaintiff filed a complaint asserting negligence and breach of contract. Defendant responded to the complaint on June 8, 2015. The court issued a standard scheduling order pursuant to M.R. Civ. P. 16(a) on August 10, 2015, which provides, among other things: "Unless otherwise ordered by the court, new parties may not be joined, and third party complaints and motions to amend the pleadings may not be filed later than 4 months from the date of this order." The deadline for joinder passed on December 10, 2015 with no request for extension from either party. On June 30, 2016 Defendant moved for permission to file a third-party complaint against the unit owners.

1

The motion to permit filing of the third-party complaint was filed over 13 months after commencement of this action and over 6 months after the scheduling order's joinder deadline. A party seeking enlargment of time to complete an act must demonstrate excusable neglect for failure to complete it before the expiration of time specified by order of the court. M.R. Civ. P. 6(b). Defendant has offered no good reason for its delay. In fact, well before the expiration of the December 10, 2015 deadline Defendant was, or should have been, aware of the circumstances it now asserts as a basis for joinder.

The court has discretion to deny a motion to add a new party on the grounds of delay and expense alone. *County Forest Prods. v. Green Mt. Agency, Inc.*, 2000 ME 161, ¶ 58, 758 A.2d 59. Joining a third-party defendant or defendants at this point—a year and a half after the complaint was filed and well after extensive discovery has already been undertaken—may add further delay and expense. In addition, Defendant is not otherwise prejudiced in this action, and acknowledges that it "could wait and bring a free-standing complaint" against the unit owner(s), if necessary. For these reasons, Defendant has failed to show that denial of its motion would result in an injustice. *See id.*

Accordingly, the motion to permit the filing of a third-party complaint is DENIED.

**SO ORDERED**

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE: November 10, 2016

Hon. Wayne R. Douglas
Justice, Superior Court

2

CV-2015-92

ATTORNEYS FOR PLAINTIFF:
SAMUEL RUDMAN
LAMBERT COFFIN RUDMAN HOCHMAN
P O BOX 15215
PORTLAND ME  04112

STEVEN L SMITH (VISITING ATTORNEY)
LAW OFFICE OF STEVEN L SMITH PC
404 HARVARD AVENUE
SWARTHMORE PA  19081

ATTORNEY FOR DEFENDANT;:
STEPHEN ALEXANDER BELL
MUNDHENK & BELL LLC
P O BOX 792
PORTLAND ME  04104