ALBERT BROTHERS CONSTRUCTION, INC.

v.

**Raynold P. GAGNON, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 17, 1992.

Decided July 20, 1992.

William J. Smith, Van Buren, for plaintiff.

Robert Bellefleur, Madawaska, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendants Raynold and Rina Gagnon contracted with plaintiff Albert Brothers Construction, Inc. (Albert Bros.) for the construction of a house. After the house was built, Albert Bros. filed a complaint against the Gagnons in the District Court (Madawaska) seeking a balance of $6,705.70 for the work performed. The Gagnons counterclaimed seeking $10,000 for plaintiff's failure to construct the house in a good and workmanlike manner. After hearing, the District Court (*Daigle, J.*) entered judgment for Albert Bros. and against the Gagnons for $5,942.10, less an offset on the Gagnon's counterclaim in the amount of $3,888.36. The court thereafter issued a written order allowing the Gagnons' bill of costs and denying Albert Bros.' bill of costs. Following affirmation of that cost award by the Superior Court (Aroostook County, *Pierson, J.*), Albert Bros. appeals. We vacate the award of costs.

The statute governing an award of costs provides in part that "[i]n all actions, the party prevailing recovers costs unless otherwise specially provided." 14 M.R.S.A. § 1501 (1980). Maine Rule of Civil Procedure 54(d) complements the statutory authority by providing that "[c]osts shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs."

Here the court explicitly determined that the Gagnons were the prevailing party and relied on the "functional analysis" described in *Dodge v. United Serv. Auto. Ass'n,* 417 A.2d 969 (Me.1980) to reach that conclusion. In *Dodge* we explained that under the functional analysis "one must look at the lawsuit as a whole to determine which party was the 'winner' and which the 'loser,'" and we upheld the award of costs to the defendant because the plaintiff obtained no more than he could have obtained without suit. The present case is distinguishable. Here the plaintiff attained a net judgment in its favor of slightly more than $2,000. Prior to the lawsuit it was offered nothing and was faced with the defendants' claims that exceeded the balance it claimed on the contract. By any conceivable analysis, the plaintiff prevailed at trial.

Although the court has substantial discretion in awarding costs, we must vacate the award in this case because it is premised on a faulty determination of which party prevailed.

The entry is:

Judgment vacated. Remanded to the Superior Court with directions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.