STATE OF MAINE                                          SUPERIOR COURT

Sagadahoc, ss.

TAMMY JAWDAT,

        Plaintiff

       v.                                        Docket No. BATSC-CV-09-07

SANFORD COX,
COX AGENCY, INC.,

        Defendants

## ORDER AND JUDGMENT
## ON PENDING MOTIONS, COSTS AND ATTORNEY FEES

The civil claims of the Plaintiff Tammy Jawdat against Defendants Sanford Cox and

Cox Agency, Inc., as well as the Defendant Agency's counterclaim, went to trial before a jury in

December 2010. The jury found for the Plaintiff on her claim for unpaid vacation pay in the

amount of $1,938.80[1], and for the Defendants on her other claims. The jury found for the

Agency on its conversion counterclaim, although the jury awarded no damages to the Agency.

The Plaintiff has filed a motion for an award of attorneys fees, a motion for sanctions, and a

motion for a new trial. Also before the court are the parties' requests to be awarded their costs.

### *Plaintiff's Motion for New Trial and Motion for Sanctions*

Plaintiff argues that a new trial is warranted on her claim under the Maine Human

Rights Act, 5 M.R.S.A. §§ 4551-4634, because the court's prior ruling on her pre-trial Motion

for Sanctions for Violation of a Protective Order and Discovery Rules was inadequate to

address what she claims was the impact of the Defendants' violation of the pretrial protective

---

[1] By statute, the Defendant Agency is liable for this amount, plus "an additional amount equal to twice
the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.
. . ." 26 M.R.S. § 626.

order regarding the Agency's computer . The pertinent facts were all placed on the record in the course of the trial and will not be repeated in detail here.

The Defendants did violate the Protective Order entered in February 2009 by retaining a computer consultant to perform routine maintenance on the Acer computer system that included installing and running a program to clean files from the computer's hard drive, and installing another program that interfered with Plaintiff's forensic examination of the hard drive. (Pl.'s Mot. for Sanctions, April 28, 2010, at 3.)

In her motion for sanctions filed before trial, the Plaintiff argued that liability should be imposed on the Defendants for willful spoliation of evidence that would have helped her prove sexual harassment. Defendants objected, arguing that there was no indication that any evidence was destroyed and therefore no evidence that the Plaintiff was prejudiced, and also that the violation was unintentional.

Based on the pertinent evidence, the court found as follows for purposes of the request for sanctions:

- Defendant Sanford Cox is unversed in computers. There was no evidence that he personally did anything to alter what was on the Agency computer.

- The Agency did hire an independent computer consultant because its computer system was running slowly. No one told the consultant about the requirements of the Protective Order before he did his work. The consultant's work on the computer did result in the deletion of unnecessary files, but there was no evidence that anyone told him what files to delete, or that the deleted files had any relevance to the Plaintiff's sexual harassment claim. The deleted files were limited to what is automatically deleted by the computer maintenance programs the consultant ran on the computer.

As a result of these findings, the court concluded that there had been a violation of the Protective Order, but also that the violation was the result, not of any intentional misconduct or bad faith on the part of the Defendants, but of their inadvertent failure to tell the computer consultant about the Protective Order's requirements. Based on that, as well as on the lack of

2

any evidence that anything of relevance to the Plaintiff's claim, the court declined to impose the sanction requested.

However, the court recognized that the jury might view the evidence on this issue differently, so the court included the following in its instructions to the jury:

> If you find that a party violated a court order to preserve evidence, or that a party failed to provide information requested by the other party, you may draw the conclusion that the evidence not preserved or the information not provided is unfavorable to that party.

The jury's verdict against the Plaintiff on her sexual harassment claim speaks for itself. There is nothing to indicate that the jury viewed the evidence on this issue differently than the court.

Plaintiff's motion for new trial argues that the court's response was inadequate. Plaintiff claims that the adverse inference instruction to the jury was of limited value compared to the probative value of the actual photographs that Plaintiff argues were likely deleted. The Plaintiff asserts that the court should have issued an order that conclusively determined Plaintiff's sexual harassment claim against the Defendant, and that the failure to do so warrants a new trial.

A "trial court [should] deny a motion for a new trial unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Larochelle v. Cyr*, 1998 ME 52, ¶ 8, 707 A.2d 799, 801-02 (citing *Davis v. Currier*, 1997 ME 199, ¶ 7, 704 A.2d 1207, 1209); *see also* M.R. Civ. P. 59(a).

This court's response during the trial to the Plaintiff's motion for sanctions arose from the court's conclusion that the Defendants' violation of the Protective Order was not intentional, and also that there was nothing to indicate that the Defendants or the computer consultant deleted or destroyed anything on the Agency computer that would have augmented Plaintiff's proof on her sexual harassment claim. Nothing that has been presented in Plaintiff's motion for new trial to change that conclusion. The Plaintiff's motion for new trial is

accordingly denied. Additionally, for that reason and also because the Plaintiff's post-trial motion for sanctions is almost identical to the pre-trial motion for sanctions, the court denies the renewed motion for sanctions as well.[2]

### *Plaintiff's Motion for An Award of Attorneys Fees*

The Plaintiff has also requested an award of attorney fees in her favor on her 26 M.R.S.A. § 626 unpaid wages claim. Plaintiff requests an award of attorney fees and costs of $52,294.46 and expert fees in the amount of $3,655.50.[3]

According to statute:

> An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid . . . . Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.
>
> . . .
>
> An action for unpaid wages under this section may be brought by the affected employee or employees or by the Department of Labor on behalf of the employee or employees. An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee. . . .

26 M.R.S.A. § 626.

The Plaintiff's fee application covers all her attorney fees incurred, and does not separate out fees attributable to her section 626 claim, the only claim in the case on which she is

---

[2] The court has considered whether to sanction the Defendants by assessing against them the expert witness fee Plaintiff incurred in connection with her forensic examination of the Agency computer, but she would have incurred that expense anyway, and there is nothing to indicate that the Defendants' violation of the protective order either magnified that fee or concealed something that would otherwise have been revealed in the Plaintiff's forensic examination. No such sanction is imposed.

[3] Plaintiff also argues that to the extent the court excludes the recovery of any portion of her attorney's fees and costs under 26 M.R.S.A. § 626, that the balance of her attorney fees be awarded as sanctions for Defendants' violation of the Protective Order and discovery rules. As discussed above, the court denies the Plaintiff's motion for sanctions and, accordingly, does not address this argument further. *See e.g., Sebra v. Wentworth*, 2010 ME 21, ¶ 17, 990 A.2d 538, 544; *Linscott v. Foy*, 1998 ME 206, ¶ 16, 716 A.2d 1017, 1021.

entitled to attorney fees. Accordingly, the court must evaluate the significance of the section 626 claim in the context of the entire case.

Plaintiff's complaint contained multiple claims against the Defendants, but fewer than all the claims went to verdict, and of those that did, the Plaintiff prevailed solely on her vacation pay claim. Had her complaint been limited to that claim only, the trial certainly would have been less contentious and protracted than it proved to be. The claims that occupied most of the parties' attention before and during trial were the Plaintiff's claims for sexual harassment and defamation and the Defendant Agency's counterclaim for conversion.

Considering the relatively minor role of the vacation pay claim in the context of the entire case, and based on the factors applicable to such fees, *see Mancini v. Scott*, 2000 ME 19, ¶ 10, 744 A.2d 1057, 1061, *citing Poussard v. Commercial Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 884 (Me. 1984), the court awards the Plaintiff $4,000 on her claim for attorney fees. *See Taylor v. Kennedy*, 1999 ME 116, ¶ 4, 734 A.2d 682, 683; *GSA, INC. v. Strong*, 1998 Me. Super. LEXIS 22 (Jan. 26, 1998). The award is against the Agency as her employer.

With regard to expert witness fees, there is nothing to suggest that Plaintiff incurred those fees in connection with her vacation pay claim. Based on the expert witness disclosures, it appears her proposed expert testimony related entirely to her other claims. Plaintiff has not shown that those or any other costs to her were incurred specifically in relation to her vacation pay claim. Accordingly, the court makes no award of expert fees or other costs under section 626, but does address them below in the context of costs under M.R. Civ. P. 54(d).

*Plaintiff's and Defendants' Request for Costs*

Plaintiff seeks an award of costs totaling $2,869.42 over and above her expert witness fees. The Defendants have also requested an amended bill of costs in the amount of $1,262.44.

5

Neither party has attempted to allocate their cost requests according to the claims as to which the party prevailed.

The Defendants assert that they are entitled to these costs because, after a three-day jury trial, the Agency prevailed on its counterclaim except as to damages, and both Defendants successfully defended against all of the Plaintiff's allegations except for her vacation pay claim against the Agency. The Plaintiff opposes the bill of costs, arguing that the Defendants were not the prevailing parties. The Plaintiff argues she was the prevailing party since the jury found for her on her statutory vacation pay claim and awarded her damages, and since, even though the jury found for the Defendant Agency on the conversion claim, the Agency was not awarded any damages.

The governing law, 14 M.R.S. § 1501 (2005), provides that "in all actions, the party prevailing recovers costs unless otherwise specially provided." The Maine Rules of Civil Procedure state that "costs shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." M.R. Civ. P. 54(d).

> [Courts] use a functional analysis to determine who is the prevailing party for purposes of awarding costs. *Landis v. Hannaford Bros. Co.*, 2000 ME 111, ¶ 6, 754 A.2d 958, 959-60. The nature of this inquiry is essentially one of fact; therefore, the court's determination of the prevailing party is reviewed for clear error. *Id.* The determination of a successful party is based upon success on the merits, not just upon damages, looking at the lawsuit as a whole. *Id.* ¶ 7.

*Runnells v. Quinn*, 2006 ME 7, ¶¶ 15-16, 890 A.2d 713, 717.

The court's analysis is that the Plaintiff prevailed only on her vacation pay claim, and one or both of the Defendants prevailed on her other claims. On the Defendant Agency's counterclaim, neither party prevailed, because the Agency prevailed on the issue of liability, but Plaintiff prevailed on the issue of damages.

Considering the entirety of the litigation in this case, the court concludes that neither

6

party was a clear "winner" or "loser," and therefore, there is no prevailing party. *See id.* Therefore, neither party is entitled to costs under 14 M.RS.A. § 1501 or Rule 54(d).[4]

For the reasons stated above, the entry will be:

1. Plaintiff's Motion for Attorney's Fees is granted in part, as set forth herein.

2. Plaintiff's Motion for Sanctions is denied.

3. Plaintiff's Motion for a New Trial is denied.

4. The Clerk is hereby directed to enter final judgment on the verdict. The net judgment is in favor of Plaintiff Tammy Jawdat against Defendant Cox Agency, Inc. in the amount of $9,816.40, reflecting treble damages totaling $5,816.40 and attorneys fees of $4,000. To this amount, the clerk will add prejudgment interest calculated at the statutory rate from the date of filing.

The parties shall each bear their own costs.

Pursuant to M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this Decision by reference in the docket.

Dated June 7, 2011

A. M. Horton
Justice, Superior Court

---

[4] To the extent section 626 can be interpreted to mandate an award of costs to Plaintiff on her vacation claim, two points should be noted. First, the Plaintiff's submittal does not enable the court to find any costs specifically attributable to the section 626 claim—in fact, most of her costs appear to relate to claims on which the Defendants prevailed. Second, were the court to make such an award on the section 626 claim, the award would be reduced or offset by an award of costs to the Defendants on claims as to which one or both of them prevailed.