STATE OF MAINE

AROOSTOOK, ss

SUPERIOR COURT
HOULTON
DOC. NO. HOUSC-CV 2015-02

CRYSTAL L. COLE )
    PLAINTIFF )
vs. ) ORDER ON PLAINTIFF'S
) MOTION FOR SUMMARY
BARRY E. DOW ) JUDGMENT
    DEFENDANT ) (COUNT II OF COUNTERCLAIM)

Before the Court is Plaintiff's Motion for Summary Judgment regarding Defendant's Counterclaim alleging Breach of Contract. (Count II of Counterclaim). Hearing was held on October 24, 2016. Pursuant to said hearing and review of the summary judgment submissions, Plaintiff's motion is granted in part.

In Count II of his counterclaim, the Defendant alleges two(2) forms of agreements. In Paragraph 11, Defendant alleges that he and Plaintiff entered an agreement "..seeking his services to prepare estimates for repair and reconstruction of the home..". In Paragraph 13, Defendant alleges he "...agreed to provide labor, materials and supplies necessary to perform such repairs and reconstruction." Defendant further alleges in his counterclaim he performed the services to prepare estimates and coordinate the trades to provide such estimates, but that the Plaintiff terminated the agreement. Defendant claims he is owed $4700 for the value of his services by providing his time, labor and services. It is not clear from the complaint whether that time, labor and services is related strictly to preparation of the estimates, or is a claim for more general damages for breach of contract.

Plaintiff has moved for summary judgment on Count II. Summary Judgment is precluded if, when the record facts are reviewed, there remain disputes as to material facts relating to viability of any claim. Runnells v. Quinn, 890 A.2d 713 (Me. 2006). An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter. Brown Development Corp. v. Hammond, 956 A.2d 104 (Me. 2008).

Count II in effect alleges two (2) different agreements, one to provide estimates and the second to provide labor, materials and supplies to complete repairs. *To establish a legally binding agreement the parties must have mutually assented to be bound by all material terms; the assent must be manifested in the contract, either expressly or impliedly; and the contract must be sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liabilities of the parties.* VanVoorhees v. Dodge, 679 A.2d 1077, 1080 (Me. 1996).

1

In this case there is sufficient evidence to establish genuine issues of fact that a contract existed between the parties for the Defendant to perform repair services. (See Defendant's Opposing Statement of Material Facts (DOSOM) ¶ 8 & 9.) Plaintiff admits there was a signed proposal. (See Deposition Exhibits 6 & 7). And Plaintiff admits she did have a contract with Defendant for repair work, but qualifies her answer that it was "..not a contract for solely an estimate." (See Plaintiff's Reply to Defendant's Opposing Statement of Material Facts (PRSOM) ¶ 8 & 9). Certainly, many questions remain to the content, effect and interpretation of that contract, its validity, and damages[1], if any, available to either party. And there is also the factual question whether the contract was terminated. Plaintiff asserts the contract was terminated. There appears to be no dispute that Defendant in fact signed a document that in effect terminated the contract. (See Defendant's Deposition Exhibits #16.) But Defendant maintains that the Plaintiff had him sign Deposition #16 by fraud. (DOSOM ¶13). Plaintiff denies that assertion, and references other testimony of the Defendant. (PRSOM ¶13). Accordingly summary judgment of that portion of Count II which alleges a contract to perform repair work is denied.

The Defendant's allegation that there was a specific contract or agreement to provide an *estimate* however requires a different analysis. There is no dispute Defendant did in deed prepare and provide an estimate. But there is no evidence that the parties actually entered a *contract* obligating the Defendant to provide an estimate and which, importantly, set forth their respective obligations and liabilities. Defendant admits that "Plaintiff did not agree to pay for an estimate", and that any discussions Defendant had regarding payment for the estimate was with the insurance company. (See Plaintiff's Statement of Material Facts (PSOMF) ¶6,7 &8; DOSM¶6,7 &8). The required elements for a separate contract or agreement specifically for the preparation of an estimate are lacking. That is not to say defendant may not be entitled to relief pursuant to his claims in Count I alleging unjust enrichment, but his relief is not available by contract.

In conclusion, the Court finds there is no genuine issue of material fact that there was no contract to provide an estimate and therefore Plaintiff's Motion for Summary Judgment is granted *in part* as to Defendant's claim that a contract or agreement existed between the parties regarding preparation or payment for an estimate. Summary judgment is *denied*

---

[1] *A question remains as to what damages, if any, Defendant alleges or is entitled to for breach of the agreement for him to perform repair work. In the summary judgment material presented, the impression is given that Defendant's claim for $4700 is to compensate him for preparing the estimates. As ruled herein, such claim and damages pursuant to breach of contract are denied. But some question remains whether Defendant has other damages for breach of contract regarding the agreement to perform repair work. In the material presented, such evidence of general damages for breach of the agreement to perform repair work is "light", but some genuine question of material fact remains sufficient for this aspect of Defendant's breach of contract claim to survive summary judgment.*

2

however regarding Defendant's claim that a contract or agreement existed between the parties regarding repair work to be performed.

Dated: October 3/2016

Justice, Superior Court