STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-131

TROUBH HEISLER LLC,

        Plaintiff

v.

ORDER

RONALD WALLS,

REC'D CUMB CLERKS OF
JAN 6 '22 AM8:18

        Defendant

Before the Court is plaintiff Troubh Heisler's motion for summary judgment on its complaint against defendant Ronald Walls. Troubh Heisler is seeking compensation for out of pocket litigation expenses allegedly incurred in the course of Troubh Heisler's representation of Walls in a medical malpractice action. The complaint asserts causes of action for breach of contract (Count I), account annexed (Count II), and quantum meruit (Count III).

Legal Standard for Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In deciding a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g.*, *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be

1

sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Kenny v. Department of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560.

In this case, the parties agree that Troubh Heisler represented Wall in a medical malpractice case and that, regardless of the outcome, the parties had agreed Walls would reimburse Troubh Heisler for out-of-pocket expenses under the contingent fee agreement. Walls disputes whether a document offered by Troubh Heisler outlining the expenses for which it seeks reimbursement is admissible as a business record.

Facts

Attorney William McKinley, a member of the Maine Bar, is a principal at the law firm Troubh Heisler LLC, where he represents plaintiffs in medical malpractice cases. Plaintiff's Statement of Material Facts (Troubh Heisler SMF) ¶¶ 1-2 (admitted). From 2015-2018, Attorney McKinley, who was admitted *pro hac vice* to the Massachusetts Bar, represented defendant Ronald Walls in a medical malpractice case in Massachusetts, with help from Attorneys Daniel Gilligan and Owen Pickus, members of the Massachusetts Bar. Troubh Heisler SMF ¶¶ 3, 5 (admitted).

Troubh Heisler and Walls executed a contingent fee agreement which provided for fee-splitting among the attorneys and provided that Walls would be liable for the reimbursement of out-of-pocket expenses plaintiff incurred in the litigation regardless of the case's outcome. Troubh Heisler SMF ¶ 4 (admitted). A verdict was rendered for the defense, and Attorney McKinley forwarded defendant a bill for out-of-pocket costs, excluding copying expenses. Troubh Heisler SMF ¶¶ 9-10 (admitted). Walls's daughter, Rachel Walls, acting pursuant to a power of attorney, challenged certain hotel and food expenses, and Troubh Heisler reduced those amounts owed accordingly. Troubh Heisler SMF ¶¶ 11-12 (admitted).

Troubh Heisler has submitted what it claims is an expense report, marked as Exhibit 3 to the McKinley affidavit, detailing the out-of-pocket expenses incurred and partial payment by Walls. That document shows that $ 39,024.84 allegedly owed by Walls remains

unpaid, representing unreimbursed out-of-pocket expenses of $ 40,561.82 minus the meal and lodging expenses of $ 1,477.58 that Rachel Walls had challenged.

Rachel Walls has submitted an affidavit stating that after receiving a March 26, 2019 letter from Troubh Heisler seeking reimbursement, she met with McKinley on August 29, 2019 – apparently when she challenged the hotel and food expenses referred to above. *See* Defendant's Statement of Additional Material Facts (Walls SAMF) ¶¶ 3-4. On that occasion she was not shown Exhibit 3 but was shown an expense report in a different format similar to invoices she had previously had received from Troubh Heisler. The prior invoices bore the firm letterhead and included an invoice report number and the invoice preparer's initials – items missing from Exhibit 3. Walls SAMF ¶ 4 . Rachel Walls had never previously seen Exhibit 3 to the McKinley affidavit. Walls SAMF ¶ 5.

## Discussion

Troubh Heisler argues that Exhibit 3 is admissible because it qualifies as a record of regularly conducted activity under M.R. Evid. 803(6). *See* Troubh Heisler SMF ¶ 7. Walls disagrees and contends that Exhibit 3 is not admissible under Rule 803(6). Based on evidence (1) that Rachel Walls saw a different document at her August 2019 meeting with McKinley, (2) that Rachel Walls had not previously seen Exhibit 3, and (3) that there are differences between Exhibit 3 and the invoices previously sent, Walls argues that there is a disputed issue of fact as to whether Exhibit 3 was prepared in the ordinary course of business or whether it was instead created for purposes of this litigation.

Walls contends that a more detailed foundation would be required before Exhibit 3 could be admitted as a business record, citing *Bank of America v. Greenleaf*, 2014 ME 89, ¶ 26, 96 A.3d 700 but actually quoting from ¶ 27. In the court's view, Walls may place too much reliance on the quoted language because the Law Court in *Greenleaf* had already concluded that the witness through whom the records were offered did not qualify as a "custodian" of the records under Rule 803(6)(D). 2014 ME 89, ¶ 26. *Greenleaf* involved an instance of a

3

mortgage lender offering a witness who was not shown to have first-hand knowledge of the records of which she was purportedly the custodian. it also involved a printout from the bowels of a bank's computer database purporting to show the amounts due on a mortgage that had originated with Residential Mortgage Services, been transferred to BAC Home Loan Servicing (formerly Countrywide), and on which foreclosure was being sought by the Bank of America. Those circumstances called for foundation as to how such records were created, kept accurate, and accessed.

Exhibit 3, in contrast, is a record of expenses incurred with McKinley's express permission and a record kept by the law firm's accounting department under McKinlkey's direct supervision. McKinley Affidavit ¶ 7, cited in Troubh Heisler SMF ¶ 7. Admission of Exhibit 3 would not require the same foundational detail.

Assuming, however, that the McKinley Affidavit would otherwise offer an adequate foundation for Exhibit 3, Walls has nevertheless demonstrated that there is a disputed factual issue whether Exhibit 3 should be accepted as a business record in light of evidence that it differs from the invoices previously submitted by the firm and that it was not previously submitted to Walls or shown to his daughter. Rule 803(6)(E) excludes the admission of a business record if the opponent can show that the circumstances of preparation indicate a lack of trustworthiness. Under the principle that the summary judgment record record must be construed in the light most favorable to the party opposing summary judgment, the court concludes that there is an issue for trial as to whether Exhibit 3 was prepared for purposes of this litigation rather than in the ordinary course of business.

It has not escaped the court's attention that neither Walls nor his daughter have offered any evidence actually disputing that Walls owes Troubh Heisler $ 39,024.84. However, on its request for summary judgment on Count I, Troubh Heisler has relied solely on Exhibit 3 to establish its contract damages, and the disputed admissibility of Exhibit 3 precludes summary judgment on Count I.

4

Summary judgment is also denied as to Count II, account annexed. As Walls argues, under 16 M.R.S. § 355 prima facie evidence of account annexed requires an affidavit establishing the account "is a true statement of the indebtedness existing between the parties" and "the prices or items charged therein are just and reasonable." Troubh Heisler has not submitted an affidavit that the amounts charged are "just and reasonable."

Summary judgment as to Count III, quantum meruit, is likewise denied. Quantum meruit allows a plaintiff to recover money for "services or materials provided under an implied contract, which is a contract inferred from the conduct of the parties." *Runnells v. Quinn*, 2006 ME 7, ¶ 10, 890 A.2d 713. Here, the parties agree they formed a contract, so one need not be implied or inferred. Walls has not argued that no contract existed or that the contract is otherwise invalid. If Troubh Heisler can establish that Walls owes the firm for unreimbursed out-of-pocket expenses, liability would exist under the existing contract.

The entry shall be:

The motion for summary judgment by plaintiff Troubh Heisler LLC is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January __5__ , 2022

Thomas D. Warren
Justice, Superior Court

Plaintiff–Daniel Felkel, Esq.
Defendant–Benjamin Donahue, Esq.

Entered on the Docket: 01/06/22

5