STATE OF MAINE
AROOSTOOK, ss.

SUPERIOR COURT
LOCATION: Caribou
Docket No. CARSC-CV-2019-193

Kelley and Leger Law Offices, )
     Plaintiff )
v. )
           )
Tina Perry, )
     Defendant )

JUDGMENT

Currently pending is Plaintiff's Complaint for (1) Breach of Contract, (2) Unjust Enrichment, and (3) Quantum Meruit. A bench trial was conducted in Caribou on May 3, 2022. Plaintiff was present, represented by Luke Rossignol, Esq. Defendant was present, representing herself. The court received testimony from Peter Kelley and Tina Perry. The court also admitted Plaintiff's exhibits A, B, C, and D, and Defendant's Exhibits A and B, all without objection. After hearing and based upon the record presented, the court makes the following findings of fact, conclusions of law, and resulting judgment:

## Background

Plaintiff is a law firm with a principal location in Caribou, Maine. In 2013, Defendant met with attorney Peter Kelley (hereinafter "Kelley"), who was an attorney with Plaintiff at that time. As part of their initial meeting, Defendant and Kelley agreed that he would undertake to represent her with respect to two separate legal matters: (1) a divorce from Milan Bogdanovic ("the family matter divorce case"), and (2) a civil claim against Milan Bogdanovic related to the ownership of paintings of Bogomir Bogdanovic ("the civil claim"). With respect to the civil claim, Plaintiff and Defendant entered into a

1

written contingent fee agreement pursuant to Maine Rule of Professional Conduct 1.5(c) which provided for a fee of "33 1/3 % of value of the Bogdanovic paintings awarded to Tina Bogdanovic after paying (a) sales commission paid to galleries and/or auction houses; (b) paying relevant taxes; client and attorney may also barter the fee by exchange or paintings between themselves." *Defendant's Exhibit A.* As it related to the family matter divorce case, the parties agreed upon an hourly fee of $150.00 per hour for attorney time, plus costs. While the contingent fee agreement was in writing, the fee agreement for the family matter divorce case was an oral agreement. Defendant testified that she did not understand that there were two separate actions involving separate representation. Defendant further testified that she believed the contingent fee agreement covered both cases. That testimony in both aspects was simply not credible.

In accordance with their agreements, Kelley filed a civil action related to the paintings in the Caribou District Court. *See, CARDC-CV-13-161.* Defendant's claim in that matter asserted that her then husband's father gifted to her paintings during the marriage. *Id.* Due to the fact that if proven, gifts are nonmarital property and therefore not subject to equitable division by the divorce court, Plaintiff sought a declaratory judgment as to the title to the paintings and a determination as to whether the recipient received title by way of a gift. *Id. See, 19-A M.R.S.A. §953.* Also in accordance with their agreements, Kelley filed a family matter divorce complaint for Defendant in the Caribou District Court. *See, CARDC-FM-13-0089.*

What followed the filing of the complaint in each of the two lawsuits could be best described as an explosion of bitter litigation that consumed significant resources of the

2

court and the parties. Kelley had been a practicing attorney from 1966 to his retirement two years ago. During his legal career he handled nearly 1200 family matter divorce cases. Kelley described this family matter divorce case as the most litigious matter he has ever seen. Neither party conceded anything, and they fought over everything. Kelley tracked all time and expenses on the separate files separately. What has been submitted in this matter for consideration as the basis for the claim in this matter is only the legal fees and expenses related to the family matter divorce case.

The summer of 2015 represents a line of demarcation for the litigation in both cases. In the summer of 2015, the parties engaged in a partially successful mediation effort regarding both matters that brought about a halt to the filings in the civil case and a slight narrowing of the issues in the family matter divorce case. *See, Plaintiff's Exhibit C.* The Mediation Agreement reflected that Defendant would be responsible for her attorney's fees incurred to the date of the agreement. *Id.* Defendant made a $50,000 payment toward her outstanding legal fees in the family matter divorce case on August 15, 2015. Kelley accepted that sum, on behalf of the Plaintiff, as settlement of all the outstanding fees in the family matter divorce case to the date of the payment. The payment of this amount clearly reflects the contractual relationship of the parties as well as the understanding of Defendant as to the services provided and the costs for those services.

After the execution of the Mediation Agreement, Kelley allocated all of his efforts in representing Defendant to the family matter divorce case. As noted in the Mediation Agreement, although the issues were narrowed, significant issues including child related

3

issues remained pending. Kelley continued to work for Defendant on the family matter divorce case at her request. Defendant accepted his legal representation in that matter through the additional litigation for that matter up to his withdrawal in 2018. Plaintiff has clearly shown that the services rendered to Defendant during the period in question in this matter were exclusively related to the family matter divorce case. The few references to "art" were related to claims in the family matter divorce case regarding property rights. *19-A M.R.S. §953.*

Through the family matter divorce case, Defendant repeatedly submitted attorney fee affidavits with the time and billing records to the District Court seeking to recover reimbursement or contribution for her attorneys fees and cost from the adverse party in that case. Her contention that she did not owe those fees incurred after the Mediation Agreement or that the contingent fee agreement[1] on the civil case included those fees is utterly inconsistent with her requests of the District Court for recovery of fees in the family matter divorce case.[2]

Pursuant to 16 M.R.S.A. §355, "[i]n all actions brought on an itemized account annexed to the complaint . . the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the action with all proper credits given and that the prices or items charged therein are just and reasonable is prima facie evidence of

---

[1] There was no dispute that Defendant paid Plaintiff absolutely nothing regarding the contingent fee agreement.

[2] Although the Divorce Court entered judgment in favor of Defendant for reimbursement of a portion of her attorneys fees in the amount of $5,000.00, Defendant remains responsible to Plaintiff for the sums due hereunder, regardless of the source of funds used to satisfy that obligation. *See, CARDC-FM-2013-089-Divorce Judgment dated February 20, 2017* (Soucy, J.).

4

the truth of the statement made in such affidavit and entitles the plaintiff to the judgment unless rebutted by competent and sufficient evidence." In this matter, the affidavit of the account annexed was admitted without objection. As noted above, the parties entered into an agreement whereby Kelley would render legal services to Defendant in exchange for payment as noted above. Although Defendant did make payment on her legal fees account through the fall of 2015 by way of her $50,000 payment, she failed to make any further payment on the account.

The record revealed some discrepancies related to the account annexed that would reduce the amount Plaintiff is entitled to recover. First, Kelley included both an estimated fee and an actual fee for a hearing on June 13, 2016. This resulted in a duplicate charge of $900.00. Second, the account for Defendant on the family matter divorce case was settled up through Defendant's payment of $50,000 on August 15, 2015, therefore the carried forward balance of $7,637.52 is not supported by the evidence as remaining outstanding after the payment or substantiated by records of what services were performed and on what dates. Third, the charges set forth in Plaintiff's Exhibit "B" from July 17, 2015 through August 15, 2015, totaling $1,080.00, are not consistent with Kelley's assertion that the payment was accepted by Plaintiff as settlement of the outstanding charges on that file through the date of the payment. The court finds that the evidence reflects that as of the receipt of the payment of $50,000.00 on August 15, 2015, Defendant's account for this case was settled with Plaintiff.

5

Following the date of the payment, there was a tremendous amount of legal work provided by Kelley to Defendant for which Plaintiff is entitled to recover. In light of the foregoing, the Court hereby enters judgment as follows:

**COUNT 1**: Judgment is hereby entered in favor of Plaintiff in the amount of Sixty-one Thousand Eighty-one Dollars and Twenty Cents ($61,081.20), plus costs. Execution to issue upon request.

**COUNT 2**: Judgment for Defendant.[3]

**COUNT 3**: Dismissed as duplicative of Count 1.[4]

The Clerk is directed to enter this Judgment on the Docket by notation, incorporating it be reference.

Dated: 5/9/2022

Justice, Maine Superior Court

ENTERED ON THE DOCKET 5-9-22

---

[3] The existence of a contractual relationship between the parties that addresses the sums in dispute "precludes recovery on a theory of unjust enrichment." *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 13; *Nadeau v. Pitman*, 1999 ME 104, ¶ 14. 1 *Maine Jury Instruction Manual* § 7-21 (2021).

[4] Quantum meruit claims involve recovery for services or materials provided under an implied contract, which is a contract inferred from the conduct of the parties. *Paffhausen v. Balano*, 1998 ME 47, P6, 708 A.2d 269, 271. "A valid claim in *quantum meruit* requires: that (1) services be rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Id*. P8 (quotation marks omitted). *See also Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, P11, 760 A.2d 1041, 1045. *Runnells v. Quinn*, 2006 ME 7, P10, 890 A.2d 713, 716-717. As this claim seeks the same relief as Count 1, the court deems it unnecessary to further address this claim, but notes the facts support recovery on this legal theory as well.