STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-158

BACHELDER'S )
CONSTRUCTION, INC., )
)
     Plaintiff, )
)
     v. )
)
JO ANN HARRIS, )
)
     Defendant. )

**DECISION AND ORDER**

This case arises from allegations that Defendant Jo Ann Harris ("Harris")

failed to pay in full for renovations Plaintiff Bachelder's Construction, Inc.

("Bachelder's Construction") made to her home. After trial, the court concludes that

Bachelder's Construction is entitled to recovery on a theory of quantum meruit and

is entitled to statutory penalties, attorney fees, and costs under the prompt

payment statute.

## PROCEDURAL HISTORY

In a complaint filed on September 10, 2018, Bachelder's Construction alleged

claims of breach of contract (Count I), unjust enrichment (Count II), quantum

meruit (Count III), and violation of the prompt payment statute, 10 M.R.S. § 1111 *et*

*seq.* (Count IV). The court conducted a bench trial on November 20, 2023, at which

Bachelder's Construction was represented by counsel and Harris represented

herself. The court received several exhibits in evidence and heard from three

1

witnesses: (1) Walter Bachelder, Jr. ("Bachelder"), who is the owner of Bachelder's Construction, (2) his son, also named Walter Bachelder, and (3) Harris.

## FINDINGS OF FACT

Bachelder is an experienced contractor who has owned Bachelder's Construction for more than 20 years. In 2017, Harris, who had recently moved to Fryeburg, contacted Bachelder by telephone to arrange for some minor renovations to her new home. The initial agreement was for Bachelder's Construction to replace ten windows and a sliding door. Neither the scope of the work nor the agreed-upon cost was reduced to writing.[1]

On August 26, 2017, Harris gave Bachelder a check for $6,300, which Bachelder used to cover the cost of the new windows he purchased for the project. Shortly thereafter, Bachelder, assisted by his son and another employee, began work at Harris's home. Upon starting the renovations, the men discovered rotted flooring and rim joists that needed to be replaced. Harris was present at the home and agreed to expand the scope of work to address the rot. She also agreed to Bachelder's suggestion that he replace two additional doors and a small deck. Again, no written contract was signed regarding these additional renovations.

---

[1] Bachelder testified that he does not always prepare written contracts for residential construction jobs, but that he provided Harris with a written proposal before beginning the work. The plaintiff was unable to produce this initial proposal for trial, however. While the plaintiff did offer into evidence a document labeled "proposal" (admitted at trial as Plaintiff's Exhibit 2), the court finds, based on the date of the document and the work referenced therein, that Bachelder prepared this document as a bill after the agreed-upon work had been completed.

Bachelder's Construction finished the agreed-upon renovations in about a week. Aside from some minor complaints about the crew's cleanup efforts and a door latch that was installed upside down, Harris did not raise any concerns about the quality of the workmanship. Upon completion of the work, Bachelder informed Harris that she owed $11,089, which Bachelder had calculated as the total cost of the labor and materials less the $6,300 Harris already paid. To arrive at a final bill, Bachelder, consistent with industry standards, typically multiplies the price of materials by 2 or 2 ½ and then adds 10% to cover supplies.

On September 25, 2017, the day Bachelder's Construction completed its work, Harris wrote a check for $11,089 as requested and gave it to Bachelder. Shortly thereafter, Harris spoke by telephone with her husband[2] about the costs of the renovations, and then called Bachelder to tell him that she was canceling the check as she believed the bill was too high. Two days later, Harris drove to Augusta and handed Bachelder a check for $1,700 marked with the words "Final Payment." Harris believed that the $6,300 she paid previously covered the window installation, and that $1,700 was all that was owed for the extra work Bachelder's Construction did to replace the deck and rotted materials. In fact, those two amounts together, totaling $8,000, would not even have covered the cost of materials Bachelder procured to complete the project, which was nearly $10,000. *See* Pl.'s Ex. 2.

Bachelder, furious that Harris had not paid him the requested amount, never cashed the $1,700 check. This lawsuit followed.

---

[2] Harris and her husband were separated at the time and not living together.

## DISCUSSION

Bachelder's Construction alleges that it is entitled to recover $11,089 for breach of contract (Count I), or the unjust enrichment conferred on Harris in the form of its labor and materials (Count II), or the reasonable value of its labor and materials in quantum meruit (Count III). The plaintiff also requests attorney fees, court costs, and $7,894.08 in statutory penalties under the Prompt Payment Act.

Bachelder's Construction bears the burden of proving its claims by a preponderance of the evidence. *Petit v. Key Bank of Maine*, 688 A.2d 427, 431 (Me. 1996) ("We have long recognized and applied the general rule that a plaintiff's burden of proof in a civil action is to establish each factual element of a claim by a preponderance of the evidence.").

### A. *Breach of Contract, Unjust Enrichment, and Quantum Meruit*

The court finds that Bachelder's Construction has not established the existence of a valid and enforceable contract, which requires "'a meeting of the minds of the parties to the contract, *i.e.* a mutual assent to be bound by its terms . . . .'" *Sarchi v. Uber Techs., Inc.*, 2022 ME 8, ¶ 15, 268 A.3d 258 (quoting *Ouellette v. Bolduc*, 440 A.2d 1042, 1045 (Me. 1982)). The parties did not agree on the specific cost of the renovations and never entered into a written agreement.[3] *See*

---

[3] However, the parties understood that the cost would exceed $3,000. The Home Construction Contracts Act (HCCA), 10 M.R.S. §§ 1486-1490, provides in pertinent part that a "home construction contract for more than $3,000 in materials or labor must be in writing," *id.* § 1487, subject to civil penalties, *id.* § 1490. In this case, Harris did not bring a counterclaim alleging an HCCA violation.

*Sweet v. Breivogel*, 2019 ME 18, ¶ 15, 201 A.3d 1215 (affirming Superior Court's determination that no express contract was formed where "throughout the construction process, the parties held different understandings of the work to be performed and the total cost of the project").

The lack of an enforceable contract does not end the analysis. Instead, Bachelder's Construction is entitled to damages under a theory of quantum meruit, which "involve[s] recovery for services or materials provided under an implied contract, which is a contract inferred from the conduct of the parties." *Runnells v. Quinn*, 2006 ME 7, ¶ 10, 890 A.2d 713 (citing *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269)).[4] "'A valid claim in *quantum meruit* requires: that (1) services be rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment.'" *Id.* (quoting *Paffhausen*, 1998 ME 47, ¶ 8, 708 A.2d 269). Quantum meruit may lie when "'there was not a clear accession on both sides to one and the same terms,' if services are provided 'under circumstances that negative the idea that the services were gratuitous.'" *Paffhausen*, 1998 ME 47, ¶ 9, 708 A.2d 269 (quoting *Colvin v. Barrett*, 118 A.2d 775, 778 (Me. 1955)).

The trial evidence shows that Harris hired Bachelder's Construction to install new windows and a door—work for which she knew she would be charged. Harris

---

[4] Because there was a quasi-contractual relationship between the parties, Bachelder's Construction cannot recover pursuant to its claim of unjust enrichment, which "provides damages based on principles of equity, not contract, and awards the successful party the value of benefits conferred on another when no contract exists." *Cummings v. Bean*, 2004 ME 93, ¶¶ 9-10, 853 A.2d 221.

5

thereafter agreed to expand the scope of the project to include additional doors and a deck. Under these circumstances, Bachelder's Construction reasonably expected payment for the totality of the work and Harris, through her actions, demonstrated a "'concurrent intention'. . . to compensate" the contractor. *Id.* (quoting *Estate of White*, 521 A.2d 1180, 1183 (Me. 1987)); *see also Runnells*, 2006 ME 7, ¶ 11, 890 A.2d 713 (affirming jury verdict for plaintiff on quantum meruit claim where defendant asked plaintiff to do additional construction work for which plaintiff reasonably expected payment); *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, ¶ 16, 776 A.2d 1229 (affirming quantum meruit damages awarded to plaintiff who reasonably expected payment for drywall work to which defendant consented).

Harris's apparent misunderstanding regarding the full cost of the renovations does not defeat the plaintiff's claim for recovery. "When such a party to whom services are rendered 'knows it and permits it and accepts the benefit, he is bound to pay reasonable compensation therefor.'" *Paffhausen*, 1998 ME 47, ¶ 9, 708 A.2d 269 (quoting *Colvin*, 118 A.2d at 778). Permitting Harris to pay only $8,000 would result in Bachelder's Construction having performed the labor for free, contrary to the plaintiff's reasonable expectation of payment. To recover under quantum meruit, the plaintiff need only prove that it "had a reasonable expectation that [its] work was not gratuitous and that [the defendant] *by her words or conduct* justified this expectation." *Id.* ¶ 10 (emphasis in original). Harris's actions—hiring Bachelder's Construction to renovate her home and agreeing to expand the scope of

6

the project once the plaintiff started the work—justified the plaintiff's expectation that its labor was not gratuitous.

In quantum meruit, the damages "are based on the [reasonable] value of the services provided by the plaintiff." *Paffhausen*, 1998 ME 47, ¶¶ 7, 12, 708 A.2d 269, 271. Bachelder's Construction claims that the total cost of the project was $17,389, meaning that it is entitled to $11,089 in damages (the total cost less the $6,300 already paid). The trial evidence, however, supports a lower award. The document labeled "proposal" and submitted at trial as Plaintiff's Exhibit 2, which is dated a day after the plaintiff completed the renovations and references the materials used to build the deck and replace the rotted trim and rim joists, lists a total cost of $15,842.53. The court relies on this contemporaneous documentation as reliable evidence of the value of the plaintiff's services. *See id.* The court also finds that the quoted amount is reasonable considering trial testimony and evidence supporting Bachelder's calculations. Bachelder's Construction is accordingly entitled to a damages award of $9,542.53[5] on its claim of quantum meruit.

B. *Prompt Payment Statute, Attorney Fees, and Costs*

Bachelder's Construction also seeks statutory penalties, attorney fees, and costs. "The prompt payment statutes are a collection of rules governing payment between or among parties to construction contracts in a way that 'augment[s] damages that are traditionally available for contract or quantum meruit claims.'" *Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC*, 2019 ME 175, ¶ 26, 222 A.3d

---

[5] Calculated by subtracting the $6,300 Harris already paid from $15,842.53.

7

613 (quoting *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, ¶ 24, 776 A.2d 1229). The statutory remedies can comprise interest, penalties, and attorney fees. *See* 10 M.R.S. §§ 1113, 1118.

Section 1113 governs payments by "owner[s]" to "contractor[s]." Here, Harris is the owner and Bachelder's Construction the contractor. 10 M.R.S. § 1111(3), (6). Absent some other agreement between the parties, section 1113(3) requires an owner to pay an invoice within twenty days after either the billing period ends or the invoice is delivered, whichever is later. If a payment is not made before the applicable deadline, "the owner shall pay the contractor interest on any unpaid balance due beginning on the 21st day," 10 M.R.S. § 1113(4), and penalties are to be awarded in "an amount equal to 1% per month of all sums for which payment has wrongfully been withheld," 10 M.R.S. § 1118(2). In addition, the "substantially prevailing party" is entitled to an award of attorney fees and expenses. 10 M.R.S. § 1118(4); *see Jenkins*, 2001 ME 98, ¶ 31, 776 A.2d 1229 (explaining that attorney fees are available only to a party who succeeds in demonstrating its entitlement to the other prompt payment remedies).

In certain circumstances, "an owner-obligor is statutorily entitled to withhold payments without incurring liability pursuant to the prompt payment statutes." *Fortney*, 2019 ME 175, ¶ 28, 222 A.3d 613. "A payment is not deemed to be wrongfully withheld if it bears a reasonable relation to the value of any claim held in good faith by the owner . . . against which an invoicing contractor . . . is seeking to recover payment." 10 M.R.S. § 1118(3); *see Cellar Dwellers, Inc. v. D'Alessio*, 2010

8

ME 32, ¶ 18, 993 A.2d 1 ("[T]he availability of prompt payment remedies depends upon whether payment has been wrongfully withheld." (quotation marks omitted)); *Jenkins*, 2001 ME 98, ¶ 24, 776 A.2d 1229.

### 1. Statutory Penalty and Interest

The court finds that Bachelder's Construction has met its burden to establish its entitlement to statutory prompt payment penalties. The plaintiff invoiced Harris on September 25, 2017, upon the completion of the project, and, apart from providing a check for $1,700 noted as "Final Payment," Harris has not paid the invoiced amount. The record further demonstrates that Harris did not withhold the remaining payment in good faith. *See* 10 M.R.S. § 1118(3). Although Harris may have had some confusion about the total price, she made a unilateral decision to pay the plaintiff only a fraction of what he was reasonably owed based on the value of the services provided. Bachelder's Construction is therefore entitled to "interest on any unpaid balance due beginning on the 21st day," 10 M.R.S. § 1113(4), as well as "an amount equal to 1% per month of all sums for which payment has wrongfully been withheld," 10 M.R.S. § 1118(2).

Because Harris did attempt to make a final payment of $1,700, the amount wrongfully withheld is $7,842.53 ($9,542.53 - $1,700). The penalties began to accrue on October 16, 2017, or 73 months ago, when payment was due in full. *See* 10 M.R.S. § 1113(4). Bachelder's Construction is thus due a prompt payment penalty of

9

$5,725.05 ($7,842.53 x .01 x 73), *see* 10 M.R.S. § 1118(2), plus interest of 10.73% on $7,842.53, beginning on October 16, 2017, *see* 10 M.R.S. § 1113(4)[6].

### 2. Attorney Fees

With respect to a prompt payment claim, the Law Court has explained that a "substantially prevailing party '*must* be awarded reasonable attorney's fees' pursuant to 10 M.R.S. § 1118(4) . . ., to 'provide motivation, in the form of penalties for noncompliance, for an owner . . . to make timely payments.'" *Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC* ("*Fortney II*"), 2022 ME 5, ¶ 21, 267 A.3d 1094 (quoting *Jenkins*, 2001 ME 98, ¶ 31, 776 A.2d 1229) (emphasis in original). Such attorney fees are available only with respect to the prompt payment claim. *See Jenkins*, 2001 ME ¶ 31, 776 A.2d 1229 ("If a party prevails on its contract or quantum meruit claims, but fails to meet its burden of establishing the additional necessary prerequisites to prove a violation of the prompt payment statute, the remedies in that chapter are not available.").

In a case such as this one where only one claim entitles the plaintiff to attorney fees, the plaintiff must attempt to "apportion [its] attorney fees between the claims for which fees may be awarded and the claims for which there is no entitlement to fees." *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 30, 901 A.2d 189. However, "when the fee and non-fee claims are related and arise from common facts, they may be so entwined as to make separation impossible." *Id.* ¶ 32; *see also Fortney II*, 2022 ME 5, ¶ 21, 267 A.3d 1094 (holding that court may apply the

---

[6] The applicable interest rate is set forth in 14 M.R.S. § 1602-C.

"common core of facts" rule to review attorney fees requests under the prompt payment statute).

This is such a case. The quantum meruit and prompt payment claims arose from the same discrete incident and the court finds that counsel could not realistically apportion the fees between the claims. Thus, having considered both the relatedness of the fee and non-fee claims and the result that the plaintiff obtained, *Advanced Constr. Corp.*, 2006 ME 84, ¶ 34, 901 A.2d 189, the court is inclined to award the full amount of attorney fees, provided that the requested amount is reasonable.

Although counsel provided the court with an affidavit of attorney fees at the conclusion of the trial, the court did not give the defendant an opportunity to lodge any objections to the contents of that affidavit. Plaintiff's counsel thus has 14 days from the entry of judgment to file an updated request for attorney fees and costs. M.R. Civ. P. 54(b)(3). The defendant will thereafter have 14 days to file any written objection to the reasonableness of the requested fees, and the plaintiff will have 7 days to file a reply.

The entry is:

> (1) Judgment for Plaintiff Bachelder's Construction Inc. in the amount of $9,542.53 on Count III (quantum meruit); and on Count IV (prompt payment statute), statutory penalties of $5,725.05 and interest of 10.73% on $7,842.53, beginning on October 16, 2017.
> (2) Judgment for Defendant JoAnn Harris on Count I (breach of contract) and Count II (unjust enrichment).
> (3) Plaintiff shall be awarded reasonable attorney fees and costs. Plaintiff shall submit an updated affidavit as to attorney fees and costs by

11

December 27, 2023. Defendant shall file any response by January 10, 2024. Plaintiff's reply, if any, shall be due January 17, 2024.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 12/12/23

_____
Julia M. Lipez
Justice, Superior Court